Aurelius James ALLEN, III, Appellant,

v.

LAKE COUNTY JAIL, Appellee.

No. 3–1185–A–322PS.

Court of Appeals of Indiana,
Third District.

Aug. 14, 1986.

Rehearing Denied Oct. 6, 1986.

---

STATON, Presiding Judge.

This appeal concerns the notice provisions of the Indiana Tort Claims Act.[1] The trial court granted the Lake County Jail's motion for summary judgment, holding that Allen's tort claims notice did not meet statutory requirements. Allen brings this appeal, raising the following issue:

> Did the trial court err in granting summary judgment because there is a genuine issue of material fact as to
>
> a) whether Allen substantially complied with the notice provisions of the ITCA, or
>
> b) whether the Jail is estopped from asserting Allen's non-compliance with the ITCA?

We reverse and remand.

Aurelius Allen was incarcerated in the Lake County Jail on February 16, 1984, awaiting trial. Jail personnel, acting pursuant to what turned out to be an erroneous order, transferred Allen to the Westville Correctional Center. When the error was discovered and Allen was returned to the Lake County Jail, he was told by Jail personnel that all his personal property (including some gold jewelry) had been thrown away.

On February 16, that same day, Jail officials investigated and prepared a report concerning the loss. The report set forth the facts in detail, including the time, date, and place of the incident, how the loss occurred, and the names of all persons involved (including the inmate-trustee who mistakenly threw away the property, an investigating officer, and the shift commander). The report also listed the address of the Lake County Jail, which was then Allen's address. The report noted that the shift commander called the company that had picked up the Jail's trash and was told that it would be impossible to retrieve the property. Attached to the report was a list of items Allen claimed were missing.

Aurelius James Allen, III, pro se.

Eric L. Kirschner, Galvin, Stalmack, Kirschner & Clark, Hammond, for appellee.

1. Ind.Code 34–4–16.5–1 et seq. (hereinafter ITCA).

Allen alleges he was informed by a Lieutenant Miller, an agent for the Lake County Jail, that Allen would be reimbursed for his loss after a report was made to the Jail's insurance company. Allen specifically alleges that Lieutenant Miller *promised* Allen, in the presence of Allen's family and friends, that he "would see to it that [Allen] received his money for the loss of his property." Allen says he "took the defendant's agent for his word and proceeded to wait for the agent to fulfill his promise."

In the next few months, Allen inquired about the status of his claim by writing several letters to Lieutenant Miller. Lieutenant Miller never responded.

On January 24, 1985, approximately eleven months after his property was lost, Allen sent copies of his Indiana Tort Claims Act notice by certified mail to the Sheriff of the Lake County Jail, Lieutenant Miller of the Lake County Jail, and Mark Psimos, Assistant State's Attorney for Lake County. Then, on April 16, 1985, Allen filed a Notice of Claim against the Jail in Lake County Court.

The Jail moved for summary judgment, arguing that Allen failed to comply with the notice provisions of the ITCA. Allen asserted that summary judgment was improper for two reasons. First, he argued that he substantially complied with the ITCA. Second, he argued that the Jail was estopped, by the investigation, statements, and promises of its agents, to assert Allen's non-compliance with the notice requirements.

The standard of review of a summary judgment is well known: summary judgment is appropriate only when the pleadings, products of discovery, affidavits, and testimony, if any, show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hosp., Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–06. We must liberally construe all evidence in favor of Allen, the non-moving party, and resolve any doubts as to the existence of a genuine issue against the Jail, the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind. App., 461 N.E.2d 723, 729.

■ Even if the trial court believes the non-movant will be unsuccessful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be granted. *Grimm v. Borkholder* (1983), Ind.App., 454 N.E.2d 84, 86.

The relevant portions of the ITCA, Ind. Code 34–4–16.5–7, provided at all times relevant to this case [2] as follows:

Except as provided in section 8 of this chapter [which creates exceptions for incompetents] a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within one hundred eighty (180) days after the loss occurs.

Ind.Code 34–4–16.5–9, which prescribes the contents of the notice, calls for "a short and plain statement [of] the facts on which the claim is based[,]" including:

the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

■ The purpose of the notice requirement is to inform the authority with reasonable certainty of the time, place, cause, and nature of the incident so that it might investigate, determine its liability, and prepare a defense to the claim. *Galbreath v. City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225, 228.

■ Generally, failure to comply with the requirements of the notice statute will subject a claim to summary judgment. However, not all technical violations of the

---

**2.** Effective March 10, 1986, this provision was amended to require that notice also be sent, in some cases, to the Indiana political subdivision risk management commission created under Ind.Code 27–1–29.

notice statute are fatal to a claim. Indiana courts have recognized, in this context, the theories of substantial compliance, waiver, and estoppel.[3]

■ In the present case, the Jail timely moved for summary judgment, asserting Allen's non-compliance with the notice statute. Therefore, the Jail cannot be said to have waived the defense.

The Jail devotes its entire brief to substantial compliance. Not surprisingly, the Jail emphasizes that Allen failed to jump through several of the procedural hoops set up by the ITCA. Specifically, the Jail points out that Allen's notice was five months late and was sent to the wrong parties (that is, to someone other than the county commissioners). The Jail attempts to distinguish cases in which a plaintiff was found to have substantially complied with the notice statute, and concludes that Allen cannot be found to be in substantial compliance. As we will show below, we believe the Jail's focus is misdirected, and that estoppel is the more applicable theory.

The Jail acknowledges that our courts have recognized the substantial compliance doctrine. The rationale of the doctrine is found in the often-quoted words of Justice Hunter:

> The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.*

*Galbreath v. City of Indianapolis* (1970), 253 Ind. at 479–80, 255 N.E.2d at 229 (original emphasis). Thus, we must consider whether the purpose of the notice statute has in fact been satisfied.

■ Allen informed the Jail of the loss the same day it occurred. Also that same day, Jail officials investigated the incident and made a report which included all the information required by Ind.Code 34–4–16.-5–9 (except the dollar amount of the loss, which was not known). Indeed, every piece of important information concerning the loss of Allen's property appears to be included in the Jail's own report; it is difficult to imagine how, in this case, formal

---

**3.** The terms substantial compliance, waiver, and estoppel, while used interchangeably by some courts, are theoretically distinct. Substantial compliance focuses on the nature of the notice itself, and is concerned with the extent to which the form, content, and timing of the notice given by a plaintiff complies with the statutory requirements. For example, in *Galbreath v. City of Indianapolis*, supra, our supreme court found that the plaintiff's letters, which were timely and contained the information required by the statute, but which were sent to the city legal department rather than to the mayor (the designated official under the statute), constituted substantial compliance with the statute. *Galbreath*, 255 N.E.2d at 229.

In contrast to the theory of substantial compliance, the theory of waiver focuses not on plaintiff's notice but on defendant's failure to timely raise plaintiff's non-compliance with the statute as a defense. For example, in *Thompson v. City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839, 841, our supreme court stated that "[a] plaintiff's failure to give the required notice ... is a *defense which must be asserted in a responsive pleading.*" (Original emphasis.) And, in *Geyer v. City of Logansport* (1977), 267 Ind. 334, 370 N.E.2d 333, 337, our supreme court held that the defendant's answer, which merely stated that defendant lacked "information to form a belief as to the allegation that written notice [had] been served," was insufficient to raise the question of compliance with the notice statute.

Finally, the theory of estoppel focuses on representations made by the defendant or its agents to the plaintiff, which induce the plaintiff reasonably to believe that formal notice is unnecessary. For example, in *LaBriola v. Southeastern Penn. Transp. Authority* (1974), 227 Pa.Super. 305, 323 A.2d 9, the plaintiff was injured while getting off one of defendant's subway cars. The plaintiff immediately notified a transportation authority employee of the accident. Agents of the authority investigated and told the plaintiff that her claim would be settled, and that there would be no need for a suit. The plaintiff alleged she relied on defendant's representations in not filing suit. After the period for filing the tort claims notice had passed, defendant raised plaintiff's non-compliance in a motion for summary judgment. The *LaBriola* court held that plaintiff's allegations presented a jury question as to whether the authority was estopped from asserting plaintiff's noncompliance, and that, therefore, summary judgment was improper. 323 A.2d at 11. *See also Delaware County v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190, which we discuss later in this opinion.

statutory notice might have yielded additional facts. Thus, it may well be that Allen's immediate notification to the Jail, and the Jail's immediate investigation and report, satisfied the purposes of the statute. There is at least an issue of material fact under the rationale of *Delaware v. Powell* as to whether the present circumstances constitute substantial compliance with the ITCA; therefore, we disagree with the trial court that summary judgment was appropriate. Nevertheless, we believe this appeal is more appropriately addressed under the estoppel theory.

A discussion of estoppel in the context of the ITCA must begin with *Delaware County v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190. In *Powell*, the plaintiff was a passenger in a car struck by a Delaware County highway truck. The county's insurance carrier contacted Powell and made payments to her totalling approximately $19,-000. Powell alleged that the insurance company admitted the county's liability and stated it would "take care of everything." 393 N.E.2d at 190. One and a half years later, after it had become clear that full settlement would not be forthcoming, Powell filed written notice of claim with the county commissioners, who rejected the notice as untimely. Powell sued, and the trial court denied the county's motion for summary judgment. The court of appeals reversed, holding that the notice was a procedural precedent which, "once properly placed in issue, cannot be subjected to estoppel or waived as a result of prior actions of the defendant or its agents." *Powell*, 393 N.E.2d at 191.

The Indiana Supreme Court reversed, reasoning as follows:

> [I]t appears that acts or conduct of the defendant or his agent as well as acts of the plaintiff could establish that the purposes of the statute were satisfied, that is, that the city was advised of the accident and that it promptly investigated the surrounding circumstances to determine its possible liability and to prepare a defense. Other facts proving preparation of a defense or admissions of liabili-

ty; letters or writings involving descriptions of the incident, causes and conditions thereof or the nature and extent of injuries; promises; payments; settlements or other conduct or acts of the defendant or his agents or of the plaintiff, could be offered to prove that the purposes of the statute have been satisfied. When the purposes of the statute are fully satisfied, it is clear that the result is substantial compliance with the statute. When acts and conduct of the defendant or his agents have established that the purposes of the statute have been satisfied, these acts and conduct could constitute a waiver of notice or create an estoppel.

*Id.* at 192. Thus, the Indiana Supreme Court held that the court of appeals erred by not allowing proof of substantial compliance, waiver, or estoppel to go to the trial judge.

Courts from other jurisdictions have reached a similar conclusion. *See, e.g., Labriola v. Southeastern Penn. Transp. Authority* (1974), 227 Pa.Super. 305, 323 A.2d 9, *supra; Rabinowitz v. Town of Bay Harbor Islands* (1965), Fla., 178 So.2d 9; *Harte v. City of Eagle River* (1970), 45 Wis.2d 513, 173 N.W.2d 683. And, in *Roberts v. Haltum City* (1976), 543 S.W.2d 75, *reh'g denied*, where the plaintiff had been told by the Police Chief that "everything would be taken care of," the Texas Supreme Court reasoned:

> This statement may have been sufficient to lead a reasonably prudent person to conclude that the City was adequately notified and that no further steps needed to be taken until the City completed its investigation.

*Roberts*, 543 S.W.2d at 79 (reversing summary judgment for the City).

■ In the present case we find *Powell* sufficiently analogous, and the cases from the jurisdictions noted above sufficiently persuasive to require reversal of the trial court's granting of summary judgment. Here, Allen's uncontradicted allegations tend to show that an agent of the Jail actively represented—indeed promised—

that Allen would be fully reimbursed for his loss, in effect representing that litigation would be rendered unnecessary by settlement. But later, after the time for fulfilling the technical notice requirements had passed, the Jail refused to fulfill its earlier promises, making it necessary for Allen to file suit. From these allegations, we are unable to say that, as a matter of law, Allen did not rely on the Jail's representations or that such reliance would have been unreasonable. Thus, we hold only that an issue of material fact exists, and that summary judgment was improper.

If on remand Allen is able to convince the trial judge as trier of fact that these allegations are true, then the Jail will be estopped from asserting Allen's non-compliance with the notice requirements of the ITCA, and the fact that Allen's formal notice was misdirected and untimely will be of no consequence. If Allen does not prevail on the estoppel argument, then the trial court should determine whether the purpose of the notice statute was satisfied by the Jail's investigation and report concerning Allen's loss. If so, then Allen should be found in substantial compliance with the ITCA. If Allen prevails on either theory, his claim should be resolved on the merits.

In coming to this conclusion, we agree with the opinion in *Labriola*, above, that this result "strikes a just balance between the authority's need for timely notice and the reasonable expectations of claimants who rely on statements and conduct by the authority's representatives." 323 A.2d at 10.

Reversed and remanded.

HOFFMAN, J., dissents with opinion.

GARRARD, J., concurs in result with opinion.

GARRARD, Judge, concurring in result.

I concur in the result reached and the determination that a material issue exists concerning estoppel. I do not agree that the record establishes an issue concerning substantial compliance.

HOFFMAN, Judge, dissenting.

I dissent.

This case focuses on two issues, substantial compliance with the notice requirement of the Tort Claims Act (the Act) and estoppel to assert a lack of compliance with that statutory provision. As to each issue, Judge Staton determines a summary judgment was inappropriate as there exists a question of material fact which must be addressed by the trial judge. I disagree as to both issues, find summary judgment to be appropriate and would affirm the trial court's determination.

Substantial compliance with the notice requirements of the Act is a determination to be made by the court when raised as a defense to a claim. The required notice is a procedural precedent. The judge must make a decision as to whether there has been sufficient compliance to fulfill the purpose of the requirement which is to allow the government to investigate the matter and prepare a defense in a timely manner. *City of Indianapolis v. Satz* (1978), 268 Ind. 581, 377 N.E.2d 623. To find substantial compliance with the notice requirements, the Indiana law has been interpreted consistently to place an affirmative duty on the injured party to deliver a writing to the governmental entity manifesting the nature of the claim. *Satz, supra; Geyer v. City of Logansport et al.* (1977), 267 Ind. 334, 370 N.E.2d 333; *Coghill v. Badger* (1981), Ind.App., 418 N.E.2d 1201, *reh. denied,* 430 N.E.2d 405 (1982). This duty cannot be fulfilled by relying on an incident report filed by the governmental entity itself. Routine investigation or independently acquired knowledge by the agency has been found to be insufficient to show substantial compliance with the notice requirement. *Coghill, supra,* 418 N.E.2d 1205. As was stated in *Geyer* where the Court distinguished the facts of *Geyer* from those of other cases and determined there was no substantial compliance with the notice statute:

"It is to be noted that in each of the foregoing cases the plaintiff attempted

to render notice to the city and the city possessed a writing of some kind from the plaintiff evidencing the nature of the claim. In the case at bar however the plaintiff has done nothing to give the City of Logansport a notice, which the statute requires. He instead relies upon the city's actual knowledge of the accident and its two investigations within 60 days thereafter.

The purpose of the notice statute is to inform city officials with reasonable certainty of the accident and surrounding circumstances so that the city may investigate, determine its possible liability and prepare a defense to the claim. *Aaron v. City of Tipton, supra* [ (1941) 218 Ind. 227, 32 N.E.2d 81]. The statute additionally places an affirmative duty upon the plaintiff to deliver a writing to the city manifesting the nature of the claim. To hold otherwise would be to disregard the clear intent and, indeed, express language of the statute." *Geyer, supra,* 370 N.E.2d at 336.

Thus the duty is on the plaintiff/injured party to give notice of the occurrence. He may not rely on the internal procedures of the agency to satisfy the statutory requirements. To hold otherwise would not only disregard the clear intent of the statute as addressed in *Geyer,* but would render the requirement useless in cases where a detailed report, as with traffic accidents, or a detailed memorandum, as with internal incident reports, is required of the agency. Therefore, the Jail's report which is relied on by Judge Staton as presenting a question of fact as to compliance with the notice requirement, is, as a matter of law, ineffective as the writing necessary to show substantial compliance.

Nor can there be reliance placed on Allen's alleged letters to Lieutenant Miller of the Lake County Jail to establish compliance with the notice requirement. First of all, the Indiana Supreme Court has already refused to extend the holding in *Galbreath v. City of Indpls.* (1970), 253 Ind. 472, 255 N.E.2d 225 to allow notice to employees of a department of city government, other than of the legal department as in *Gal-*

*breath,* to suffice as notice to the particular party as required by the statute. Central to the holding in *Galbreath* that notice sent to the legal department was sufficient compliance was the determination that the legal department was, by law, an agent for the mayor to whom notice was required by the statute. In *Satz* the Court refused to find that alleged notice to the police department through a release signed by the plaintiff was sufficient compliance. The Court was unwilling to extend *Galbreath* to hold that notice to any city department besides the legal department was sufficient. Therefore, any notice to Miller, a Lake County Jail employee, would not be substantial compliance.

In addition, if Allen intended to rely on the alleged letters to Miller to establish compliance with the statute, it was incumbent upon him to present evidence of the letter or letters when the summary judgment motion was before the court. *Batchelder v. Haxby et al.* (1975), 167 Ind.App. 82, 337 N.E.2d 887, *reh. denied, trans. denied* (1976). Having failed to present sufficient evidence in response to the motion to demonstrate an issue of fact, he may not now rely on such correspondence as notice.

There being no evidence of writing of any kind, executed by the plaintiff and informing the governmental entity of the occurrence, there is no issue of fact as to substantial compliance and the summary judgment was properly granted.

Judge Staton finds that estoppel is the more applicable theory in this case and presents an issue of material fact which renders the summary judgment improper. Application of the estoppel theory requires consideration of the acts of the defendant rather than the plaintiff whose acts are relevant to substantial compliance. *See: Coghill, supra,* 418 N.E.2d at 1208, n. 6.

The leading case on estoppel in the context of failure to give notice as required by the Act is *Delaware Co. Bd. Comm'rs v. Powell* (1979), 272 Ind. 82, 393 N.E.2d 190. The Court held in *Powell* there were mate-

rial issues of fact as to whether the defendant was estopped from asserting the lack of notice in compliance with the Act after the defendant's insurer had contacted the plaintiff, admitted liability of the insured, gave assurances of payment for the injury and did in fact pay some $19,000.00 to the plaintiff before asserting lack of notice as required by the statute when the plaintiff tried to settle the case.

However, the present case is more like *Coghill*. The *Coghill* Court found the "case is devoid of facts bringing it within the holding in *Powell*." *Coghill, supra,* 418 N.E.2d at 1208. In *Coghill* the plaintiff was injured when the Metro bus in which she was riding struck a car. The defendant sent a representative to Coghill's home to investigate the incident. Plaintiff's attorney initiated a call to defendant's claim adjuster, told him of the case and followed up with a confirming letter which defendant's adjuster acknowledged. In the acknowledgement he invited plaintiff's attorney to contact him when he wished to discuss the case. There was no other contact until plaintiff's attorney submitted medical bills and contacted defendant's adjuster two years later. These constituted insufficient acts on the part of the defendant to present a fact question as to application of estoppel.

In the present case there is even less action by the Jail which could be referred to an estoppel. The defendant made no contact with Allen except to fill out the report of the occurrence. There was no correspondence, payments or settlements. The only action taken was completion of the report and any statement made by Lieutenant Miller which led Allen to believe he would be reimbursed for his loss. These acts are, as in *Coghill,* simply insufficient, as a matter of law to place into issue the application of estoppel.

As the plaintiff failed to establish the existence of any issue of material fact, the summary judgment was properly granted and the trial court decision should be affirmed.