**John W. BAKER, Plaintiff,**

v.

**Robert F. SCHAFER, Defendant.**

**No. NA–95–45–C–R/H.**

United States District Court,
S.D. Indiana,
New Albany Division.

April 17, 1996.

Daniel T. Albers, Kelly & Albers, Louisville, KY, for plaintiff.

James E. Bourne, John W. Woodard, Wyatt Tarrant & Combs, New Albany, IN, for defendant.

***ENTRY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT***

DILLIN, District Judge.

■ A person wishing to sue a political subdivision of the State of Indiana for negligence must follow the procedures outlined in the Indiana Tort Claims Act (ITCA), specifically Indiana Code § 34–4–16.5–7. This is because such a subdivision, basking in the State's sovereign immunity, has had set for it the terms upon which it is sued under state law, even in federal court. The object of the ITCA "is to protect the fiscal integrity of governmental entities by limiting their liability for tort claims resulting from actions of public employees." *Teague v. Boone,* 442 N.E.2d 1119, 1120 (Ind.Ct.App.1982). In addition to controlling suits against the State and its political subdivisions, the ITCA also has been construed to apply in negligence suits against their employees. *Poole v. Clase,* 476 N.E.2d 828 (Ind.1985). The issue before the Court (with respect to defendant Schafer's motion anyway) is whether this is a suit against an employee of a political subdivision of Indiana, and, if so, whether, given that plaintiff did not comply with the ITCA by providing prompt notice of his claim to the proper agency, these claims are barred.

The circumstances that lead us to this issue are fairly clear. On August 5, 1993, plaintiff was driving south on State Road 62 in his tractor-trailer near Madison, Indiana. Schafer was driving north and towing a two-wheeled trailer. Somehow, the trailer came unhooked from Schafer's vehicle, veered into the southbound lane, and collided with the plaintiff's truck. The police arrived at the scene, Schafer reported his personal insurance information, and Schafer called his primary employer—the school corporation—for assistance in reloading equipment that had been on the trailer. Neither Schafer's privately owned vehicle, nor his trailer, nor his clothing, nor his statements at the time of the accident gave any indication that he was traveling in the course of his duties as Superintendent of the Jefferson County Regional Sewage District No. 1, as he now claims.

Alleging that he is a Kentuckian and Schafer is a Hoosier and that more than $50,000 is in controversy, plaintiff invoked the diversity jurisdiction of this Court by filing his complaint against Schafer on March 24, 1995. As just noted, at that time he had no way of knowing that Schafer was or would claim to be an Indiana political subdivision employee in the course of his duties at the time of the accident. However, it is on the basis of this assertion that Schafer—or in reality, Schafer's automobile insurer—has moved for summary judgment. He claims that there's no disputing that he was acting within the scope of employment because he was driving to a location to repair some manholes.

■ We're not so sure that plaintiff's loss is one occurring because of an act or omission within the scope of Schafer's employment. The few relevant cases concerning whether Schafer was a government employee who can avail himself of the ITCA require something more than an "only incidental" or "only marginal" causal connection between government employment and the act or omission at issue. *See VanValkenburg v.*

*Warner,* 602 N.E.2d 1046, 1050 (Ind.Ct.App. 1992). In *VanValkenburg,* a student who slipped and fell as she left a seminar held at the private residence of her professor sued her professor. The court of appeals, in rejecting the professor's efforts to invoke the ITCA, noted that the professor had no duty to conduct the seminar at his private residence and that his duties to maintain a safe residence lacked a sufficient causal connection to his duties as a government employee.

Other cases illustrate that for an employee to avail himself of the ITCA, the act or omission must be distinctly and substantially related to government employment. For example, in *Poole, supra,* the court determined that the ITCA applied in an action brought against a judge and clerk for negligent failure to recall an arrest warrant. Similarly, in *Teague v. Boone, supra,* the ITCA was determined to have the effect of barring a suit against a sheriff for "grossly mishandl[ing] repossession proceeds." *See also Hupp v. Hill,* 576 N.E.2d 1320 (Ind.Ct.App.1991) (holding that sheriff involved in allegedly wrongful search was entitled to notice under the ITCA as a precondition to a state tort suit).

In the case at bar, we cannot say as a matter of law that the causal connection between Schafer's alleged failure to secure and maintain his trailer and his job as sewer superintendent is sufficient to mandate the conclusion that ITCA applies here. It is clear that hauling the trailer was not a requirement of Schafer's employment as superintendent. Indeed, Schafer cannot even argue that but for his employment as sewer superintendent he would not have been hauling the trailer because it is clear that he was using the trailer largely in connection with his other, primary employment. While Schafer claims—and there appears to be a dispute on the veracity of this claim—that he

was traveling to repair some manholes and so but for the employment would not have been involved in this accident, that does not adequately tie the duties of employment with the duties of care at issue in this suit. Schafer (or rather his insurer) can find no solace in the Indiana Tort Claims Act.

Moreover, even if we were to find the connection between Schafer's employment duties and the acts or omissions at issue in this suit substantial, we would still not provide Schafer any relief by virtue of plaintiff's failure to file a notice of tort claim. This is because plaintiff had no knowledge, nor could we reasonably expect him to have any, that Schafer would maintain that he was a government employee in the course of his duties at the time of the accident. While we've uncovered no Indiana case law directly addressing the significance of a plaintiff's legitimate and complete ignorance that a defendant is a government employee as that ignorance relates to plaintiff's failure to comply with the ITCA,[1] we think that such ignorance in this case can prevent the use of the ITCA as a bar to this suit. Whether we characterize this as some kind of waiver or estoppel conclusion or as a special exception to the ITCA is not overly important.

A dictum in the recent decision of *Brunton v. Porter Memorial Hospital Ambulance Service,* 647 N.E.2d 636 (Ind.Ct.App.1994), though not directly on point, is instructive. After rejecting an argument that the ITCA is illegally vague when applied to instances when a plaintiff does not know of the defendant's government status, the court added, "[f]uthermore, we cannot find that [plaintiff] was somehow misled into believing" that the defendant was not part of a governmental entity. *Id.* at 640. Presumably, the implication of this is that a contrary finding might warrant an different result.

---

**1.** Interestingly, *Bradley v. United States,* 856 F.2d 575 (3d Cir.1988), *cert. granted and judgment vacated,* 490 U.S. 1002, 109 S.Ct. 1634, 104 L.Ed.2d 150 (1989), was decided on somewhat similar facts (except for an important one that the U.S. intervened and was substituted as defendant) under a prior version of the FTCA. *See also Flickinger v. United States,* 523 F.Supp. 1372, 1376–77 (W.D.Pa.1981). In *Bradley,* the Third Circuit recognized the harsh result but

nonetheless dismissed a personal injury action initially brought against a federal employee because the plaintiffs had failed to comply with the Federal Tort Claims Act. That Act was subsequently amended to provide that such a suit may be refiled within 60 days after dismissal for failure to comply with the FTCA if the dismissed complaint would have been timely had it been filed as a notice of tort claim.

We conclude that a government employee in the course of his duties who acts in a way disguising his status as such may not enjoy the benefits of that status under the ITCA if the plaintiff actually and reasonably lacks knowledge of the status.[2] Any other holding, in addition to being simply unjust, would create distasteful incentives for plaintiffs to file suit immediately after accident—before thorough investigation or manifestation of all injuries—in order to learn of an ITCA defense in time to file a notice of tort claim and seek voluntary dismissal of the suit without prejudice. Alternatively, siding with Schafer here would lead the plaintiffs bar as a matter of course to file notices with the State and dozens of potential political subdivisions as a precautionary measure. We're confident that those charged with reviewing claim notices would lament that result.

Applying the circumstances of this case to the rule we've identified, we note that nothing Schafer did in this case until after the suit was filed would have given anyone any idea about Schafer's governmental status. In addition, by providing information concerning his personal insurance to the police, Schafer actively—whether intentionally or not—created the (mis)perception that this was an accident for which he personally, through his insurance, would be accountable. Our plaintiff neither knew nor could he reasonably be expected to know that Schafer would claim to be a government employee in the course of his duties. Schafer's motion is denied.

■ We also deny plaintiff's motion for partial summary judgment. Plaintiff requests that the Court find Schafer negligent per se for violating Indiana Code § 9–20–9–8, which regulates coupling and towing devices. As Schafer ably points out, such a summary ruling is prevented by some dispute, not the least of which involves facts surrounding

whether that statute has any application to this case. Accordingly, plaintiff's motion for partial summary judgment is denied.

So ordered.

---

2. We should also note that while the ITCA at times purports to be jurisdictional—an articulation of the parameters of immunity, strictly construed and allowing for no exceptions based equitable considerations—it remains the case that Indiana courts have regularly recognized waiver and estoppel arguments to overcome a defendant's efforts to shield itself with the ITCA. *See City of Tipton v. Baxter*, 593 N.E.2d 1280 (Ind.Ct.

App.1992); *Allen v. Lake County Jail*, 496 N.E.2d 412 (Ind.Ct.App.1986). Moreover, we reiterate that the sewer district is not a party to this litigation, nor has it ever sought to be a party to this litigation, nor has it incurred any litigation expenses in connection with this litigation. As a result, we are not too concerned about encroaching on the sewer district's or Indiana's sovereignty.