James GREGOR, Appellant–Defendant,

v.

William SZARMACH, Appellee–Plaintiff.

No. 45A04–9805–CV–241.

Court of Appeals of Indiana.

Feb. 25, 1999.

Thomas S. Ehrhardt, Landau, Omahana & Kopka, Merrillville, Indiana, for Appellant:

Robert H. Bahner, Munster, Indiana, for Appellee:

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

James Gregor moved for summary judgment on William Szarmach's claim against him, asserting the claim was barred because Szarmach had failed to file notice as required

by the Indiana Tort Claims Act. He appeals the trial court's denial of his motion. We affirm in part and reverse in part.

## ISSUES

1. Whether the trial court erroneously denied Gregor's motion for summary judgment based upon Szarmach's failure to file notice under the Act.

2. Whether the trial court erred in ordering Gregor "estopped from claiming immunity as a government employee under the Indiana Tort Claims Act."

## FACTS

On September 10, 1993, Gregor was operating his own personal automobile southbound on Route 51 near Hobart. He crossed the center line of the roadway and struck Szarmach's vehicle. When Szarmach checked on Gregor's condition, the latter indicated that he was OK. Gregor indicated to the investigating police officer that his vehicle was insured by Globe Insurance. Several days after the accident, Szarmach called Gregor, and Gregor supplied the name of the agency from which he had obtained the insurance. On January 26, 1994, Szarmach—by counsel—wrote to the insurance agency to indicate his intention to press a claim and that Globe should be so notified. On February 28, 1994, Globe acknowledged notice of the claim.

On September 7, 1995, Szarmach filed suit, and subsequently Gregor filed an answer with thirteen affirmative defenses, none of which indicated that he was acting in the scope of his employment at the time of the accident. On August 13, 1996, Gregor stated in an answer to an interrogatory that the accident occurred while he was driving in the course of his employment by the Lake County Department of Children and Family Services. Thereafter, Gregor amended his answer to add the affirmative defenses of (1) being "immune" as "a government agent at the time of this incident," (R. 53); and (2) Szarmach's failure to comply with the notice provision of the Tort Claims Act ("Act"). Gregor then moved for summary judgment based upon Szarmach's failure to file notice under the Act.

Gregor submitted his own affidavit and deposition testimony indicating that he was engaged in official county business, specifically the delivery of food stamps and related supplies, at the time of the 1993 accident. Gregor further asserted there was a placard on the dashboard of his car stating "Lake County Welfare." (R. 92). In response, Szarmach submitted portions of Gregor's deposition wherein he stated that he was driving his own personal vehicle, the placard was not affixed to the car's dashboard in any manner, and he had "no idea" whether the placard remained on the dashboard after the collision. (R. 177). The trial court denied his motion with an order reading as follows:

> Upon careful consideration of the arguments and materials presented, the Court hereby finds that because Defendant negotiated and litigated this matter for over three years without giving Plaintiff any indication that Defendant was a government employee driving in the course of this employment at the time of the collision, Defendant is now estopped from claiming immunity as a government employee under the Indiana Tort Claims Act.

(R. 79).

## DECISION

### 1. Summary Judgment

■ Governmental entities are subject to liability for the torts committed by their employees (unless one of the exceptions in the Act applies). *Mullin v. Municipal City of South Bend,* 639 N.E.2d 278, 281 (Ind. 1994). The Act requires notice of the tort claim within 180 days of the claimed loss, or the claim is barred. *See* Ind.Code 34–13–3–8 (formerly at I.C. 34–4–16.5–7). Because the Act is a statute in derogation of the common law, it must be strictly construed against limitations on the claimant's right to bring suit. *Hinshaw v. Board of Comm'rs of Jay County,* 611 N.E.2d 637, 639 (Ind.1993). Although there may be factual issues to be determined, whether there has been compliance with the Act's notice requirement is a question of law for the court. *See Lake County Juvenile Court v. Swanson,* 671 N.E.2d 429, 437 (Ind.Ct.App.1996), *trans. de-*

*nied.* Generally, the plaintiff bears the burden of proving compliance with the notice provisions of the Act. *See State, Ind. Dept. of Highways v. Hughes,* 575 N.E.2d 676, 678 (Ind.Ct.App.1991). A determination about compliance with the Act is subject to review as a negative judgment, which we will reverse only if contrary to law. *Hupp v. Hill,* 576 N.E.2d 1320, 1324 (Ind.Ct.App.1991).

As did Judge Dillin when confronted with a similar issue in *Baker v. Schafer,* 922 F.Supp. 171, 173 (S.D.Ind.1996), we find "no Indiana case law directly addressing the significance of a plaintiff's legitimate and complete ignorance that a defendant is a government employee as that ignorance relates to plaintiff's failure to comply with the ITCA." The underlying facts in *Baker* were described as follows:

> On August 5, 1993, plaintiff was driving south on State Road 62 in his tractor-trailer near Madison, Indiana. Schafer was driving north and towing a two-wheeled trailer. Somehow, the trailer came unhooked from Schafer's vehicle, veered into the southbound lane, and collided with the plaintiff's truck. The police arrived at the scene, Schafer reported his personal insurance information, and Schafer called his primary employer—the school corporation—for assistance in reloading equipment that had been on the trailer. Neither Schafer's privately owned vehicle, nor his trailer, nor his clothing, nor his statements at the time of the accident gave any indication that he was traveling in the course of his duties as Superintendent of the Jefferson County Regional Sewage District No. 1, . . . .

922 F.Supp. at 172. Schafer's position as sewer superintendent was not revealed until after the plaintiff filed suit on March 24, 1995.

Schafer sought summary judgment because he was acting in his capacity as sewer superintendent at the time of the collision and the plaintiff had failed to give the required notice under the Act. Judge Dillin noted that in *Brunton v. Porter Memorial Hospital Ambulance Serv.,* 647 N.E.2d 636, 640 (Ind.Ct.App.1994), although we found the Act not to be illegally vague when applied to instances where the plaintiff does not know of the defendant's government status, we said we could not "find that Brunton was somehow mis[led] into believing" that the defendant was not part of a governmental entity. 647 N.E.2d at 640. Judge Dillin concluded that "a government employee in the course of his duties who acts in a way disguising his status as such may not enjoy the benefits of that status under the ITCA if the plaintiff actually and reasonable lacks knowledge of the same." 922 F.Supp. at 174. "Any other holding," he said, would be "simply unjust" and also "create distasteful incentives for plaintiffs to file suit immediately after accident—before thorough investigation or manifestation of all injuries—in order to learn of an ITCA defense in time to file a notice of tort claim and seek voluntary dismissal of the suit without prejudice." *Id.* Because "nothing Schafer did in this case until after the suit was filed would have given anyone any idea about Schafer's governmental status," and "by providing information concerning his personal insurance to the police, Schafer actively—whether intentionally or not—created the (mis)perception that this was an accident for which he personally, through his insurance, would be accountable;" the plaintiff "neither knew nor could he reasonably be expected to know that Schafer would claim to be a government employee in the course of his duties." *Id.* Therefore, Schafer's motion for summary judgment based upon the plaintiff's failure to file notice under the Act was denied. *Id.*

Gregor contends that *Baker* "ignores Indiana's well settled opinion that the plaintiff bears the affirmative duty to ensure ITCA notice compliance," Gregor's Reply at 8, citing *Delaware County v. Powell,* 272 Ind. 82, 393 N.E.2d 190 (1979), and reasserts his argument to the trial court that the Act's notice requirement applies to suits against employees of political subdivisions as well as to suits against political subdivisions, citing *Poole v. Clase,* 476 N.E.2d 828, 831 (Ind. 1985). In *Delaware County,* the plaintiff was in a car "struck by a Delaware County Highway truck." 393 N.E.2d at 190. In *Poole,* the plaintiff claimed that (1) an individual who was Town Court Judge and Clerk, and

(2) another individual who was the Judge's and Clerk's assistant, had negligently failed to recall a warrant for his arrest. In both cases, as in other authority cited by Gregor, the involvement of a governmental entity in the tort was apparent from the outset. *See Bienz v. Bloom*, 674 N.E.2d 998 (Ind.Ct.App. 1996), *trans. denied* (former employee's claim of wrongful discharge against county auditor); *Allen v. Lake County Jail*, 496 N.E.2d 412 (Ind.Ct.App.1986) (claim for property allegedly lost by jail personnel); *Henshilwood v. Hendricks County*, 653 N.E.2d 1062 (Ind. Ct.App.1995), *trans. denied* (claim asserting negligence of county when child infected with typhoid).

■ Here, as in *Baker*, the designated evidence indicates that Gregor was not wearing any type of government uniform, and his vehicle did not bear or display any type of identification to indicate it was being operated in the course of government business. Further, Gregor declared the vehicle to be his own personal vehicle and provided information about his personal insurance. Moreover, Gregor said nothing to Szarmach at the time of the accident about being engaged in government business, and the collision took place on a public thoroughfare. Gregor repeatedly stresses that he never hid his government employment, he did not deny any direct questions in that regard, and no authority imposes upon him an affirmative duty to have informed Szarmach, the police, or even his own insurer of the fact that he was engaged in the course of business at the time of the collision. However, we find that Gregor's position would transform the process whereby one involved in a collision should seek not only the other's name, address, and automobile insurance information but also whether the other was—despite the lack of any appearance so indicating—acting at the time in the scope of governmental employment. In addition, as Judge Dillin found, the result Gregor seeks would "create distasteful incentives" in the legal process. *Baker* at 171.

■ Accordingly, we hold that in a case where a government employee in the course of his duties acts in a manner which disguises or fails to reveal his status as a government employee, he may be estopped from asserting the Indiana Tort Claims Act as a bar to a claim if the plaintiff actually and reasonably lacks knowledge of the government employee's status. Because Gregor was not wearing any kind of government uniform and was driving his own personal vehicle, which did not bear or display any government identification, when he was involved in a collision on a public thoroughfare, at which time he provided information concerning his own personal automotive insurance coverage but did not indicate that the accident occurred while he was engaged in the course of government business, a negligence claim against him is not barred for failure to have filed notice with the government entity employing him within 180 days of the accident. Therefore, we hold that the trial court's denial of Gregor's motion for summary judgment based upon Szarmach's failure to file notice under the Act is not contrary to law.

### 2. Estoppel to Claim Immunity

Gregor also claims the trial court erred in holding him "estopped from claiming immunity as a government employee under the Indiana Tort Claims Act." (R. 79).[1] Specifically, Gregor contends he never argued that he was immune from civil prosecution under the provisions of the Act. *See* former Ind. Code 34–4–16.5–3. We must agree.[2] Gregor did not seek summary judgment based upon immunity under the Act, and there was no evidence designated to the trial court by either party on the issue of immunity under the Act. The wording of the order unfortunately mixes the concept of Szarmach's claim being barred because he failed to provide notice under the Act, which might in layman's language appear to constitute "immunity" from being held liable, with the Act's own specifications of what constitutes immu-

---

**1.** This claim would have been enhanced by Appellant's observation of Ind. Appellate Rule 8.3(A)(4), requiring an appellant's statement of the case to contain "a verbatim statement of the judgment."

**2.** We find no reference to this claim by Gregor in Szarmach's brief.

nity. Therefore, that portion of the trial court's order which estops Gregor from asserting immunity under the Act is reversed.[3]

Affirmed in part and reversed in part.

SULLIVAN, J., and RUCKER, J., concur.

**3.** Gregor also contends the trial court's order was erroneous because it had granted his motion for leave to amend his answer to assert affirmative defenses related to the notice requirement of the Act. Gregor's Brief at 1. However, we found no argument in this regard. Further, the trial court has inherent power to reconsider, vacate or modify any previous order so long as the case has not proceeded to judgment. *McLaughlin v. American Oil Co.*, 181 Ind.App. 356, 391 N.E.2d 864, 865 (1979). Therefore, the earlier order granting Gregor leave to amend did not render the denial of his summary judgment erroneous.