**FOR PUBLICATION**



FILED

Jul 13 2012, 8:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**JEREMY S. BABER**
Stewart & Stewart
Carmel, Indiana

ATTORNEY FOR APPELLEES:

**JAMES J. HUTTON**
The Cincinnati Insurance Company
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN W. SCHOETTMER and KAREN SCHOETTMER, | ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 49A04-1108-CT-406 |
| JOLENE C. WRIGHT and SOUTH CENTRAL COMMUNITY ACTION PROGRAM, INC., | ) ) ) | |
| Appellees-Defendants. | ) ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
The Honorable Christopher B. Haile, Magistrate
Cause No. 49D11-1010-CT-43803

**July 13, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

John and Karen Schoettmer appeal summary judgment in favor of Jolene Wright (Wright) and South Central Community Action Program, Inc. (South Central) (collectively, "Appellees"). We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 24, 2008, Wright was operating a vehicle owned by her employer, South Central, when she was involved in an accident with a vehicle John was driving. John was injured in the accident. South Central is a private, nonprofit organization that provides services to low-income families, and at the time of the accident, Wright was acting within the scope of her employment. South Central is designated by the State as a community action agency and receives funding from both the state and federal governments.

Cincinnati Insurance Company (Cincinnati Insurance) provides liability insurance to South Central. Thirty-five days after the accident, on December 29, 2008, Heather DeVaughan, a claims representative from Cincinnati Insurance, sent a letter to John indicating that prior attempts to contact him had been unsuccessful and that she needed information from him to process his insurance claim. On January 12, 2009, John gave DeVaughan a recorded statement detailing his personal information as well as facts regarding the accident. DeVaughan advised John that Cincinnati Insurance could not settle his claim until he was done with medical treatments. On April 22, John completed his medical treatments and signed a medical release form permitting Cincinnati Insurance access to his medical records and medical bills for the purpose of evaluating his claim. DeVaughan telephoned John on August 13, to inform him that she had received the information she

2

needed to begin settlement of the insurance claim. Cincinnati Insurance subsequently made a settlement offer to John in the amount of $12,868.

John declined the settlement offer and retained legal counsel in September 2009. His counsel and Cincinnati Insurance could not negotiate an acceptable settlement offer, and on October 6, 2010, Schoettmers sued Appellees. John claimed damages for his bodily injuries and Karen claimed damages for loss of consortium. On November 29, 2010, Appellees answered, and on February 3, 2011, they amended their answer to include the affirmative defense that South Central is a political subdivision governed by the Indiana Tort Claims Act (ITCA), which has notice provisions with which Schoettmers did not comply.

On April 13, 2011, Appellees moved for summary judgment and designated evidence that judgment as a matter of law was appropriate because Schoettmers did not comply with the notice requirements of the ITCA. Schoettmers responded, arguing substantial compliance with the ITCA, waiver, and estoppel. The trial court held a hearing on July 8, and on July 12 entered summary judgment in favor of Appellees.

## DISCUSSION AND DECISION

Our standard of review of a summary judgment is well settled. We apply the same standard as the trial court and determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 973 (Ind. 2005); Ind. Trial Rule 56(C). We construe all facts and reasonable inferences in favor of the non-moving party and determine whether the moving party has shown from the designated evidence there is no genuine issue as to any

material fact and it is entitled to judgment as a matter of law. *Dugan v. Mittal Steel USA Inc.*, 929 N.E.2d 184, 186 (Ind. 2010). A summary judgment comes to us cloaked with a presumption of validity. *Kumar v. Bay Bridge, LLC*, 903 N.E.2d 114, 115 (Ind. Ct. App. 2009), *reh'g denied*.

We must affirm a summary judgment if it can be sustained on any theory or basis in the record. *Id.* Compliance with the ITCA is a question of law properly determined by the court. *Irwin Mortg. Corp. v. Marion Cnty. Treasurer*, 816 N.E.2d 439, 442 (Ind. Ct. App. 2004). A judgment based on noncompliance with the ITCA is subject to review as a negative judgment, and we will reverse only if it is contrary to law. *Porter v. Fort Wayne Cmty. Sch.*, 743 N.E.2d 341, 344 (Ind. Ct. App. 2001), *trans. denied.*

It is undisputed that, as a designated community action agency, South Central is a political subdivision pursuant to the ITCA. *See* Ind. Code § 34-13-3-22. The ITCA bars tort claims against a political subdivision unless notice of the claim is filed with the governing body of that political subdivision within 180 days after the loss occurs. Ind. Code § 34-13-3-8(a). The notice must describe in a short and plain statement the facts on which the claim is based and must include

> the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing notice.

Ind. Code § 34-13-3-10. The notice must be in writing and must be delivered in person or by registered or certified mail. Ind. Code § 34-13-3-12.

4

Compliance with the notice provisions of the ITCA is a procedural precedent the plaintiff must prove and the trial court must determine prior to trial. *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007), *trans. denied*. If a plaintiff does not give the required notice, the defendant may raise in a responsive pleading an affirmative defense of noncompliance. *Id*. at 383-84. If the defendant does so, the burden shifts to the plaintiff to prove compliance. *Id*.

Nevertheless, not all technical violations of the statute are fatal to a claim. *Allen v. Lake Cnty. Jail*, 496 N.E.2d 412, 414-15 (Ind. Ct. App. 1986). "Indiana courts have recognized, in this context, the theories of substantial compliance, waiver, and estoppel." *Id.* at 415. We now examine these three factors to determine if the trial court erred in granting the Appellees summary judgment based on Schoettmers' failure to comply with the notice requirements of the ITCA.

1.    Substantial Compliance

Schoettmers concede they never gave notice or attempted to give notice of their claims to South Central. Instead, they assert their communications with South Central's liability insurer, Cincinnati Insurance, substantially complied with the ITCA notice provisions. We disagree.

It is well settled that notice is sufficient if it substantially complies with the content requirements of the statute. *Boushehry v. City of Indianapolis*, 931 N.E.2d 892, 895 (Ind. Ct. App. 2010). The issue of substantial compliance is not a question of fact, but is a fact-sensitive determination. *Id*. The purpose of the notice requirement is to provide the

5

governmental entity the opportunity to investigate the facts surrounding a claim so that it may determine its liability and prepare a defense. *Irwin Mort. Corp.*, 816 N.E.2d at 446. "Substantial compliance focuses on the nature of the notice itself, and is concerned with the extent to which the form, content, and timing of the notice complies with the requirements of the notice statute." *McConnell v. Porter Mem'l Hosp.*, 698 N.E.2d 865, 868 (Ind. Ct. App. 1998), *trans. denied*. Substantial compliance permits an action to proceed when the claimant has attempted to provide notice, has fallen short of the strictures of the statute, and, yet, has supplied the appropriate governmental entity with sufficient information to investigate the claim. *Smithson v. Howard Reg'l Health Sys.*, 908 N.E.2d 265, 268 (Ind. Ct. App. 2009).

We rejected a substantial compliance claim similar to Schoettmers' in *Brown*. Brown claimed personal injuries from a motor vehicle accident with a municipal power and light utility truck. She had various communications with the utility's insurance carrier, but she filed no tort claim notice. The utility and its insurance carrier were aware of the details of the accident and resulting injuries, investigated the accident, settled the property damage portion of the claim, and engaged in discussions with the claimant. Nevertheless, we noted the utility's knowledge of the claim and the opportunity to investigate were insufficient to satisfy the purpose of the ITCA notice requirements. 876 N.E.2d at 384. We noted we have interpreted the notice statues to allow substantial compliance when a claimant has taken affirmative steps to notify the governmental entity, but determined "we cannot find substantial compliance when the claimant took no steps whatsoever to comply with the notice statute." *Id*. at 383. Accordingly, we affirmed summary judgment for the utility.

6

Similarly, in *Fowler v. Brewer*, 773 N.E.2d 858 (Ind. Ct. App. 2002), *trans. denied*, the Fowlers sent a letter to the fire department's insurance company indicating they would seek damages sustained in a car accident with a firefighter. Because the letter was not filed with the governing body of the political subdivision and did not comply with the form, content, and timing requirements of the ITCA, we held there was not substantial compliance with the ITCA notice requirements. Neither the fire department's actual knowledge nor the insurer's willingness to settle the claim was sufficient to indicate that the purpose of the notice provision was met or to eliminate the requirement that notice be given to the political subdivision under the ITCA. *Id*. at 865; *see Hasty v. Floyd Mem'l Hosp.*, 612 N.E.2d 119, 123 (Ind. Ct. App. 1992) (holding that notice to the governmental entity's insurance carrier, as opposed to notice to the entity itself, was insufficient to establish substantial compliance).

Schoettmers made no attempt to comply with the notice provisions of the ITCA. They never filed a notice of their claims, adequate or inadequate, with South Central, Cincinnati Insurance, or any other entity. They maintain Cincinnati Insurance had actual knowledge of their claims and assert such knowledge should be viewed as notice to South Central because, as South Central's liability insurer, Cincinnati Insurance "may be properly viewed as an agent of South Central . . . ." (Appellants' Br. at 13.) The Schoettmers cite no legal authority that supports the proposition that a governmental entity's liability insurer is its agent for purposes

7

of receiving notice pursuant to the ITCA,[1] and the decisions addressed above support the opposite conclusion.

We acknowledge Cincinnati Insurance had actual knowledge of much of the information required by the ITCA, but nothing in the record indicates South Central had the same information. Regardless, absent an attempt at filing notice, actual knowledge on the part of the insurer and/or the governmental entity is insufficient as a matter of law. "[W]e cannot find substantial compliance when the claimant took no steps whatsoever to comply with the notice statute." *Brown*, 876 N.E.2d at 383. Under the circumstances, Schoettmers did not substantially comply with the notice provisions of the ITCA.[2]

### 2. Waiver

Schoettmers next assert South Central waived its affirmative defense. The theory of waiver focuses not on the plaintiff's notice but on the defendant's failure to timely raise the plaintiff's noncompliance with the statute as a defense. *Allen*, 496 N.E.2d at 415 n.3. Appellees did not assert their affirmative defense of failure to comply with the notice provisions of the ITCA in their original answer; rather they asserted it in their amended

---

[1] Schoettmers direct us to *Galbreath v. City of Indianapolis*, 253 Ind. 472, 255 N.E.2d 225 (1970), as authority for their proposition that a liability insurer is an agent of a political subdivision for purposes of receiving notice pursuant to the ITCA. *Galbreath* neither stands for nor supports that proposition. Galbreath submitted a timely tort claim notice to the city legal department, but not the mayor or city clerk as the ITCA required. Our supreme court held the city attorney had the authority to accept notice on behalf of the mayor. *Id*. at 479, 255 N.E.2d at 229. Accordingly, Galbreath had substantially complied with the notice provisions. *Id*. at 480, 255 N.E.2d at 230.

8

answer. An amended pleading relates back to the original pleading when a claim or defense asserted in the amended pleading arises out of an occurrence that had been set forth in the original pleading. *Fowler*, 773 N.E.2d at 862 (citing Ind. Trial Rule 15(C)). The trial court has broad discretion to permit amendments to pleadings, and leave to amend should be given unless the amendment would prejudice the opposing party. *Id.*

Schoettmers cannot establish prejudice because the 180-day time limit for them to file their tort claim notice had long since passed when South Central filed its first answer. Schoettmers did not object to Appellees' motion for leave to amend their answer and Schoettmers do not now assert the trial court abused its discretion when it granted leave to amend. As Appellees timely asserted their affirmative defense, the doctrine of waiver does not apply.

3.    Estoppel

Finally, Schoettmers contend the trial court should have applied the doctrine of estoppel to South Central's claim they did not comply with the notice provisions of the ITCA.[3] An estoppel theory focuses on representations made by the defendant or its agents to the plaintiff that induce the plaintiff reasonably to believe formal notice is unnecessary.

---

[2] We recognize that, in *City of Tipton v. Baxter*, 593 N.E.2d 1280 (Ind. Ct. App. 1992), another panel of this Court found substantial compliance in circumstances quite similar to those presented here where, although no notice was attempted, the governmental entity's insurer "had actual knowledge of the accident several days after it happened, conducted an investigation, and indicated a willingness to settle." *Id.* at 1282. We believe, however, the more recent opinion in *Brown*, and its holding that substantial compliance requires at a minimum that a claimant take affirmative steps to notify the governmental entity, better reflects the current state of Indiana law.

[3] Estoppel was briefly mentioned in *Brown*, but Brown argued only substantial compliance. Accordingly, we did not consider the application of estoppel under those facts. *Brown*, 876 N.E.2d at 382.

9

*Allen*, 496 N.E.2d at 415 n.3. Schoettmers argue that, during John's several telephone conversations with Cincinnati Insurance claim representative DeVaughan, as well as in written correspondence from DeVaughan, she never informed Schoettmers that South Central was a political subdivision or that they needed to comply with the ITCA notice requirements. Consequently, Schoettmers argue, they were "lured into failing to strictly comply with the ITCA as a result of the aforementioned communications and [DeVaughan's] early and continuous willingness to settle [the] claim." (Appellants' Br. at 15.) We disagree.

We have addressed "'the significance of a plaintiff's legitimate and complete ignorance that a defendant is a government employee as that ignorance relates to the plaintiff's failure to comply with the ITCA.'" *Gregor v. Szarmach*, 706 N.E.2d 240, 242 (Ind. Ct. App. 1999) (quoting *Baker v. Schafer*, 922 F. Supp. 171, 173 (S.D. Ind. 1996)). Indeed, where a government employee in the course of his duties acts in a manner that disguises or does not reveal his status as a government employee, he may be estopped from asserting the ITCA as a bar to a claim if the plaintiff actually and reasonably lacks knowledge of the government employee's status. *Id.* at 243. "[A] party may not utilize subterfuge to bar a claim for failure to comply with the notice provisions of the ITCA." *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999), *trans. denied*.

The designated evidence indicates Wright gave Schoettmer the insurance information for South Central, her employer. The letters Cincinnati Insurance sent Schoettmers before and after the 180-day time limit had passed indicated the policyholder was "South Central Community Action Program." (App. at 68, 79.) The letters Cincinnati Insurance sent to

Schoettmers' counsel listed the policyholder as "SCCAP." (*Id*. at 83.) John stated in an affidavit: "That on or about December 29, 2008 I received a letter from Heather DeVaughan who identified her self [sic] as a claims representative of Cincinnati Insurance, the insurance company for South Central Community Action Program." (*Id*. at 75.)

*Gregor*, while factually similar, is distinguishable. Gregor, who was driving in the course of his employment with the Lake County Department of Children and Family Services, was involved in a traffic accident with Szarmach. *Gregor*, 706 N.E.2d. at 241. He gave Szarmach his personal insurance information. Szarmach's counsel contacted Gregor's personal insurer, indicating the intent to file a claim. Over a year later, Szarmach filed a tort claim. Gregor filed affirmative defenses, none of which indicated he was a government employee at the time of the accident.

In an interrogatory, Gregor stated he was performing duties related to his government employment. He amended his answer to Szarmach's complaint and moved for summary judgment on the ground he was immune from Szarmach's tort claim as a government agent because Szarmach did not comply with the notice provision of the ITCA.

The trial court denied Gregor's motion on the basis of estoppel, and we affirmed:

> [W]here a government employee in the course of his duties acts in a manner which disguises or fails to reveal his status as a government employee, he may be estopped from asserting the Indiana Tort Claims Act as a bar to a claim if the plaintiff actually and reasonably lacks knowledge of the government employee's status. Because Gregor was not wearing any kind of government uniform and was driving his own personal vehicle, which did not bear or display any government identification, when he was involved in a collision on a public thoroughfare, at which time he provided information concerning his own personal automotive insurance coverage but did not indicate that the accident occurred while he was engaged in the course of government business,

11

a negligence claim against him is not barred for failure to have filed notice with the government entity employing him within 180 days of the accident.

*Id*. at 243. By contrast, Wright, South Central, and Cincinnati Insurance never misrepresented the identity of the policyholder or the fact Wright was an employee of South Central engaged in South Central's business at the time of the accident.

Even if Schoettmers did not know before they obtained counsel that South Central was a governmental entity, his counsel should have learned, through due diligence, of South Central's status. *See* Ind. Professional Conduct Rule 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client.") In *Davidson*, 716 N.E.2d at 34-35 we held "a plaintiff must exercise due diligence in giving tort claims notice after the equitable grounds cease to operate as a valid basis for causing delay." *Id*. In *Davidson*, the Mayor of Elkhart wrote an allegedly defamatory letter to the editor of the local newspaper, but used someone else's name. The true identity of the author was not known until a year later.

When Davidson learned the Mayor wrote the letter, he sent a tort claim notice to the City of Elkhart within one month. He amended his defamation claim five months later, even though the time for filing an ITCA notice had passed. We held Davidson "filed his notice within a reasonable time" after learning a government employee wrote the defamatory statements. *Id*. at 35. One month was a "reasonable time" because it fell within the 180-day requirement dictated by the ITCA. *Id*. at 35 n.5.

Even if Schoettmers did not know South Central was a governmental entity in time to meet the ITCA deadline, their counsel, who represented them for a year before a tort claim was filed, should have discovered South Central's status in time to file an ITCA notice within

12

a "reasonable time."

## CONCLUSION

The trial court did not err when it granted Appellees' motion for summary judgment. Schoettmers did not timely file their ITCA notice, nor may they find refuge from their failure in the theories of substantial compliance, waiver, and estoppel. Accordingly, we affirm the trial court.

Affirmed.

BROWN, J., concurs.

CRONE, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

JOHN W. SCHOETTMER and )
KAREN SCHOETTMER, )
                                   )
    Appellants-Plaintiffs, )
                                   )
       vs. )     No. 49A04-1108-CT-406
                                   )
JOLENE C. WRIGHT and SOUTH CENTRAL )
COMMUNITY ACTION PROGRAM, INC., )
                                   )
    Appellees-Defendants. )

**CRONE, Judge, dissenting**

I agree with the majority's conclusion that because the Schoettmers did not even attempt to give notice of their claims to South Central, they cannot be said to have substantially complied with the notice requirements of the ITCA. Further, I agree that South Central did not waive its affirmative defense of such noncompliance. However, I believe that South Central should be estopped from asserting the Schoettmers' noncompliance with the ITCA. The Schoettmers were unaware of South Central's governmental status, Cincinnati Insurance made representations upon which the Schoettmers justifiably relied, the purpose of the notice requirement of the ITCA was clearly accomplished, and there was a lack of prejudice to South Central. Therefore, I must respectfully dissent.

The record is clear that, at the time of the accident, John had no idea that Wright's private employer, South Central, was a statutorily designated community action program and thus, a political subdivision for the purposes of the ITCA. Due to the contact initiated by Cincinnati Insurance and its expressed willingness to settle John's claim on behalf of South Central, it was reasonable for John to rely on those representations that nothing else was necessary to preserve and pursue his claim. John did what any reasonable layperson would have done. He did not seek to retain counsel or to file a lawsuit, but simply continued to supply the information requested by South Central's insurer. All the while, unbeknownst to him, the 180-day clock was ticking away. Cincinnati Insurance's behavior was misleading and John's complete ignorance regarding South Central's governmental status was reasonable.

Although the majority seems to concede that the Schoettmers actually and reasonably lacked knowledge that South Central was a political subdivision until well after the 180-day notice period had passed, the majority makes much of the fact that the Schoettmers eventually did retain counsel and concludes that counsel should have learned, through due diligence, of South Central's governmental status and filed a tort claim notice in a "reasonable time" after "the equitable grounds cease to operate as a valid basis for causing delay." *See Davidson*, 716 N.E.2d at 34-35. Here, however, I do not think the equitable grounds causing delay ceased to operate until South Central finally acknowledged and revealed its governmental status in its amended answer to the Schoettmers' complaint. Indeed, a reasonable inference can be drawn that counsel for South Central was wholly

15

unaware of his own client's governmental status until February 4, 2011, when South Central finally asserted such status when it filed its motion for leave to file an amended answer to include the affirmative defense of the Schoettmers' failure to comply with the notice provisions of the ITCA. I would not hold the Schoettmers' counsel to a higher standard of due diligence regarding discovery of South Central's governmental status than I would South Central's own counsel.

Based upon the foregoing, I would reverse summary judgment in favor of South Central and hold, as a matter of law, that South Central is estopped from asserting the Schoettmers' noncompliance with the notice provisions of the ITCA as a bar to their claims. At the very least, the designated evidence reveals that genuine issues of material fact remain, and the Schoettmers should be allowed to present proof of estoppel to the trial court. *See Delaware County v. Powell*, 272 Ind. 82, 85, 393 N.E.2d 190, 192 (1979) (when acts and conduct of the defendant or his agents have established that the purposes of the ITCA notice provisions have been satisfied, summary judgment is inappropriate as these acts and conduct could create an estoppel).