# FOR PUBLICATION

**FILED**
Jul 31 2013, 6:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**GARY P. PRICE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
RICHMOND COMMUNITY SCHOOL
CORPORATION ET AL.:

**RICK D. MEILS**
**JOHN W. MERVILDE**
Meils Thompson Dietz & Berish
Indianapolis, Indiana


ATTORNEY FOR APPELLEE
INDIANA INSURANCE COMPANY:

**JAMES S. STEPHENSON**
Stephenson Morow & Semler
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL E. LYONS, Individually;<br>DENITA L. LYONS, Individually;<br>MICHAEL E. LYONS and DENITA L.<br>LYONS, as Co-personal Representatives<br>of the Estate of Megan Renee Lyons, Deceased,<br><br>    Appellants/Plaintiffs,<br><br>           vs.<br><br>RICHMOND COMMUNITY SCHOOL<br>CORPORATION d/b/a RICHMOND<br>HIGH SCHOOL; JOE SPICER;<br>JEFFREY THORNE; and MAGGIE LaRUE,<br>in their individual and official capacities,<br><br>    Appellees/Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 89A04-1204-PL-159<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

INDIANA INSURANCE COMPANY,                    )
                                               )
        Appellee/Non-Party-Respondent.         )
                                               )
                                               )

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Peter D. Haviza, Special Judge
Cause No. 89D01-1006-PL-11

**July 31, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**BRADFORD, Judge**

Appellees/Defendants Richmond Community School Corporation and certain school administrators ("RCSC") petition this court for rehearing. We grant RCSC's petition, in part, for the limited purpose of concluding that, "[a]lthough there may be factual issues to be determined, whether there has been compliance with the [Indiana Tort Claims] Act's notice requirement is a question of law for the court." *Gregor v. Szarmach*, 706 N.E.2d 240, 241 (Ind. Ct. App. 1999); *accord City of Indpls. v. Satz*, 377 N.E.2d 623, 625 (1978). In our original opinion, we stated that the issue should be presented to the jury.

On remand, the trial court that should determine whether, in the exercise of ordinary diligence, Appellants/Plaintiffs Michael and Denita Lyons could have learned of RCSC's alleged "tortious acts" prior to July 15, 2009. *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992). July 15, 2009, was 180 days before the Lyonses filed notice of their claims on January 11, 2010. In all other respects, we reaffirm our original disposition.

2

ROBB, C.J., and BAKER, J., concur.