ATTORNEY FOR APPELLANTS
Jeremy S. Baber
Carmel, Indiana

ATTORNEY FOR APPELLEES
James J. Hutton
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court



FILED
Aug 27 2013, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 49S04-1210-CT-607

JOHN W. SCHOETTMER & KAREN
SCHOETTMER,

*Appellants (Plaintiffs below),*

v.

JOLENE C. WRIGHT & SOUTH CENTRAL
COMMUNITY ACTION PROGRAM, INC.,

*Appellees (Defendants below).*

_____

Appeal from the Marion Superior Court, No. 49D11-1010-CT-43803
The Honorable John F. Hanley, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-1108-CT-406

_____

**August 27, 2013**

**Massa, Justice.**

After he was injured in an automobile accident, John Schoettmer cooperated with the other driver's insurer in hopes of settling his claim. Nearly a year later, when settlement proved elusive, he hired a lawyer and filed suit. Only then did he learn that the other driver was employed by a political subdivision subject to the Indiana Tort Claims Act. Schoettmer cited several reasons to excuse his failure to comply with the notice requirements of that Act, including waiver, substantial compliance, agency, and estoppel. We find the first three

unavailing, but conclude he should be permitted to present proof of estoppel to the trial court, and we reverse and remand on that basis.

## Facts and Procedural History

On November 24, 2008, Schoettmer was driving down North German Church Road in Indianapolis. As he passed through the 46th Street intersection, he was involved in a collision with Jolene Wright, an employee of South Central Community Action Program, Inc.[1] Schoettmer suffered personal injuries as a result of the collision.

On December 29, Schoettmer received a letter from Cincinnati Insurance Company, South Central's liability insurer, stating that it had been trying unsuccessfully to contact him and requesting information to process his claim. About two weeks later, Schoettmer provided a recorded statement to a Cincinnati Insurance agent, who advised him his claim could not be settled until his medical treatments were completed. On April 22, 2009, those treatments were completed, and Schoettmer signed a release form giving Cincinnati Insurance access to his medical records and bills. On August 13, the agent informed him she had all the information necessary to settle his claim, and Cincinnati Insurance subsequently offered Schoettmer a settlement.

Schoettmer declined that offer, and in September 2009, he retained legal counsel. Efforts to negotiate an acceptable settlement failed, and on October 6, 2010, Schoettmer sued Wright and South Central for personal injury damages. His wife, Karen Schoettmer, also brought claims against both defendants for loss of consortium. Defendants answered the complaint on November 29, but on February 3, 2011, they moved to amend their answer to assert an affirmative defense: South Central is a community action agency and thus a political subdivision

---

[1] Both parties agree that at the time of the accident, Wright was acting within the scope of her employment.

2

governed by the Indiana Tort Claims Act, and the Schoettmers failed to comply with the ITCA notice requirement. On April 12, 2011, defendants moved for summary judgment on that ground. Both in a written response to the motion and at a hearing on it, the Schoettmers identified three[2] issues of material fact:

> First, did the Plaintiffs substantially comply with the requirements of the Tort Claims Act? Second, did the Defendants['] failure to timely raise the defense of Plaintiffs['] alleged noncompliance act as a waiver? Three, did the actions and representations of the Defendant and its agents rise to the level that Defendant should be estoppe[d] from asserting Plaintiffs['] alleged noncompliance?

Tr. at 17. The trial court ultimately granted summary judgment in the defendants' favor.

The Schoettmers appealed, raising the same arguments they brought up in the trial court. A divided panel of our Court of Appeals rejected all of these arguments and affirmed the trial court. Schoettmer v. Wright, 971 N.E.2d 118, 120 (Ind. Ct. App. 2012). Judge Crone dissented, believing "South Central should be estopped from asserting the Schoettmers' noncompliance with the ITCA." Id. at 126 (Crone, J., dissenting).

We granted transfer. Schoettmer v. Wright, 977 N.E.2d 353 (Ind. 2012) (table); Ind. Appellate Rule 58(A).

## Standard of Review

Summary judgment is appropriate only when the moving party shows there are no genuine issues of material fact for trial and he is entitled to judgment as a matter of law. Haegert v. Univ. of Evansville, 977 N.E.2d 924, 936 (Ind. 2012); see also Ind. Trial Rule 56(C). Once

---

[2] The Schoettmers raised a fourth argument in the hearing and on appeal: because Cincinnati Insurance acted as South Central's agent for the purpose of resolving Schoettmer's claim, notice to Cincinnati Insurance should have operated as notice to South Central.

that showing is made, the burden shifts to the non-moving party to rebut. <u>Town of Avon v. W. Cent. Conservancy Dist.</u>, 957 N.E.2d 598, 602 (Ind. 2011). When ruling on the motion, the trial court construes all evidence and resolves all doubts in favor of the non-moving party. <u>Id.</u> We review the trial court's grant of summary judgment de novo, <u>Woodruff v. Ind. Family & Soc. Servs. Admin.</u>, 964 N.E.2d 784, 790 (Ind. 2012), <u>cert. denied</u>, 133 S. Ct. 233 (2012), taking care to ensure that no party is denied his day in court. <u>Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.</u>, 756 N.E.2d 970, 974 (Ind. 2001).

## This Case Is Not Ripe for Summary Judgment.

The Indiana Tort Claims Act provides that a tort claim against a government entity is barred unless the claimant provides the entity with notice of the claim within 180 days of the loss. Ind. Code § 34-13-3-8 (2008). The notice "must describe in a short and plain statement the facts on which the claim is based," including "the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice." Ind. Code § 34-13-3-10 (2008). This requirement is intended to ensure that government entities have the opportunity to investigate the incident giving rise to the claim and prepare a defense. <u>Galbreath v. City of Indianapolis</u>, 253 Ind. 472, 477, 255 N.E.2d 225, 228 (1970). "Like any statute in derogation of the common law, the ITCA 'must be strictly construed against limitations on the claimant's right to bring suit.'" <u>City of Indianapolis v. Buschman</u>, 988 N.E.2d 791, 794 (Ind. 2013) (quoting <u>Hinshaw v. Bd. of Comm'rs of Jay Cnty.</u>, 611 N.E.2d 637, 639 (Ind. 1993)). And as we have said before, so long as its essential purpose has been satisfied, it should not function as "a trap for the unwary." <u>Galbreath</u>, 253 Ind. at 480, 255 N.E.2d at 229.

Here, the Schoettmers acknowledge they failed strictly to comply with the ITCA notice requirement, but they raise four theories under which their claim might proceed anyway. First, they argue South Central waived its ITCA notice defense by failing to raise it in a timely fashion.

4

Second, they suggest their cooperation with Cincinnati Insurance constituted substantial compliance with the notice requirement. Third, they argue Cincinnati Insurance acted as South Central's constructive agent such that notice to Cincinnati Insurance operated as notice to South Central. Finally, they assert that even if South Central had no notice of their tort claim, the equitable principle of estoppel nevertheless should apply to bar its ITCA notice defense.

## I. South Central Did Not Waive Its ITCA Notice Defense.

As a threshold matter, the Schoettmers contend South Central waived its ITCA notice defense by failing to raise it in its original answer. We previously have said this defense is waived if not "asserted in a responsive pleading." Thompson v. City of Aurora, 263 Ind. 187, 190, 325 N.E.2d 839, 841 (1975). An answer is a responsive pleading, and our trial rules permit a party to amend his pleading by leave of court, which should be granted "when justice so requires." Ind. Trial Rule 15(A). Absent prejudice to the non-moving party, we have said that such amendments "should be liberally allowed." Templin v. Fobes, 617 N.E.2d 541, 543 (Ind. 1993). Indeed, our Court of Appeals has found no abuse of discretion where a trial court permitted a defendant to amend its answer to assert an ITCA notice defense as long as eighteen months after the original answer was filed because the plaintiffs failed to show the amendment caused them undue prejudice. Fowler v. Brewer, 773 N.E.2d 858, 862–63 (Ind. Ct. App. 2002), trans. denied.

South Central filed its original answer on November 29, 2010, and moved for leave to amend that answer on February 3, 2011. The Schoettmers apparently did not object to that motion, and the trial court granted it on March 23. In their appellate brief, the Schoettmers do not specify how the amendment prejudiced them except to say they did not know South Central was covered under the ITCA until it filed its amended answer. But even if South Central had asserted its ITCA notice defense in its original answer, it is unclear how the Schoettmers' position would be any different. The accident occurred on November 24, 2008. Under the

5

ITCA, the Schoettmers had 180 days—until Monday, May 25, 2009[3]—to file their notice. That deadline had long expired by the time South Central filed its original answer on November 29, 2010. The Schoettmers have not shown they suffered undue prejudice; thus, we find the trial court did not abuse its discretion by permitting the amendment, and we conclude South Central has not waived its ITCA notice defense. We therefore turn to the Schoettmers' remaining arguments on appeal.

## II. Notice to Cincinnati Insurance Did Not Constitute Substantial Compliance with the ITCA Notice Requirement.

The Schoettmers argue their communications with Cincinnati Insurance satisfied the purpose of the ITCA notice requirement such that the trial court should have found they substantially complied with that requirement. We disagree.

"Substantial compliance with the statutory notice requirements is sufficient when the purpose of the notice requirement is satisfied." Ind. State Highway Comm'n v. Morris, 528 N.E.2d 468, 471 (Ind. 1988). "The purposes of the notice statute include informing the officials of the political subdivision with reasonable certainty of the accident and surrounding circumstances so that [the] political [sub]division may investigate, determine its possible liability, and prepare a defense to the claim." Id. "What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination." Collier v. Prater, 544 N.E.2d 497, 499 (Ind. 1989). "The crucial consideration is whether the notice supplied by the claimant of his intent to take legal action contains sufficient information for the city to ascertain the full nature of the claim against it so that it can determine its liability and prepare a defense." Id. at 500. But "mere actual knowledge of an occurrence, even when coupled with routine investigation, does not constitute substantial compliance." Morris, 528 N.E.2d at 470.

---

[3] The 180th day actually would have been Saturday, May 23, 2009, but as that was a weekend day, we count forward to the next working day. Ind. Trial Rule 6(A).

Different panels of our Court of Appeals have reached varying conclusions as to whether a plaintiff's notice to a defendant's insurer constitutes substantial compliance with the ITCA. In City of Tipton v. Baxter, 593 N.E.2d 1280 (Ind. Ct. App. 1992), for example, the plaintiff was a passenger in a vehicle hit by a City-owned truck. Id. at 1280. Although he did not provide written notice of his claim to any City official or department, the panel noted that the City's insurer "had actual knowledge of the accident several days after it happened, conducted an investigation, and indicated a willingness to settle." Id. at 1283. It was also significant, the panel stated, that the insurance examiner "admitted he knew the date the accident occurred, the identities of the claimant . . . and the truck driver for the City, and that there had been personal injuries," "had information concerning the vehicles involved in the accident, the location where the accident occurred, the phone number and address where the [plaintiff] could be reached, and information concerning the extent of the injuries" as well as a copy of a statement the plaintiff gave to an insurance investigator. Id. Taken together, the panel concluded, all of this information added up to substantial compliance. Id.

On the other hand, in Brown v. Alexander, 876 N.E.2d 376 (Ind. Ct. App. 2007), trans. denied, the plaintiff driver was injured when a city utility truck trailer detached and collided with her vehicle. Id. at 378. The truck driver informed the city's insurer of the accident, and a claims representative attempted to contact the plaintiff, who was variously unavailable, uncooperative, and uncommunicative until she filed a personal injury lawsuit—seventeen days before the statute of limitations was due to expire. Id. at 378–79. The panel noted that while the utility "knew about the accident it had none of the financial details required to settle the claim" and concluded "we cannot find substantial compliance when the claimant took no steps whatsoever to comply with the notice statute." Id. at 383; see also Hasty v. Floyd Mem'l Hosp., 612 N.E.2d 119, 123 (Ind. Ct. App. 1992) (finding notice to hospital's insurer did not substantially comply with ITCA notice requirement); Fowler, 773 N.E.2d at 865 (finding notice to fire department's insurer did not substantially comply with ITCA notice requirement, even where fire department had actual knowledge of the claim).

On balance, we agree with the <u>Brown</u> panel and decline to find substantial compliance where, as here, the claimant communicated only with the insurer and "took no steps whatsoever to comply with the notice statute." We recognize that it may be desirable to encourage potential claimants to work with insurers to settle claims rather than proceed directly to litigation, and we acknowledge that our conclusion today may tend to encourage the opposite. We are confident, however, that such policy considerations will be addressed in the proper forum: the General Assembly.

### III. Cincinnati Insurance Is Not South Central's Agent for the Purpose of Notice of Tort Claims.

The Schoettmers also contend that by purchasing liability coverage from Cincinnati Insurance, South Central effectively appointed Cincinnati Insurance as its agent for the purpose of settling Schoettmer's claim, and thus notice to the insurer should be deemed notice to the insured. Again, we disagree.

The Schoettmers cite no section of the Tort Claim Act, and the Court finds none, providing that a governmental entity's insurer is the entity's agent for the purpose of receiving tort claim notices. Ind. Code § 34-13-3-20(a) authorizes the entity to purchase liability insurance if it wishes to do so, but it says nothing about agency or notice. Ind. Code § 34-13-3-20(a) (2008 & Supp. 2012). The General Assembly has demonstrated a clear ability to draft statutes regarding agency for notice purposes when it wishes to do so. <u>See, e.g.</u>, Ind. Code §§ 27-8-1-13 (2012) (requiring life insurance companies incorporated outside Indiana to appoint an individual or corporate resident of Indiana "or an authorized Indiana insurer as its agent . . . upon whom service of process . . . may be made"); 27-11-9-1 (2012) (imposing the same requirement on fraternal business societies authorized to do business in Indiana). As it has not done so here, we will presume it did not intend for such an agency relationship to be part of the ITCA, and we will apply the statute in accordance with that intent.

8

**IV. Genuine Issues of Material Fact Remain as to Whether South Central Should Be Estopped from Asserting Its ITCA Notice Defense.**

Finally, the Schoettmers argue equitable estoppel should apply to bar South Central from raising its ITCA notice defense because the Schoettmers were unaware South Central was a government entity covered by the ITCA. The trial court found this argument failed as a matter of law. We believe that conclusion is premature.

"The party claiming equitable estoppel must show its '(1) lack of knowledge and of the means of knowledge as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his position prejudicially.'" Story Bed & Breakfast, LLP v. Brown Cnty. Area Plan Comm'n, 819 N.E.2d 55, 67 (Ind. 2004) (quoting City of Crown Point v. Lake Cnty., 510 N.E.2d 684, 687 (Ind. 1987)). Equitable estoppel will not apply against the State unless there is "clear evidence that its agents made representations upon which the party asserting estoppel relied." Id. The burden to produce that evidence rests upon the party claiming estoppel. Id.

Here, the Schoettmers have presented evidence that they did not know South Central was a statutorily designated community action program and thus a political subdivision subject to the ITCA until South Central asserted its ITCA notice defense in its amended complaint. John Schoettmer executed an affidavit stating neither the Cincinnati Insurance agent nor the defendants ever gave him any reason to believe South Central was covered by the ITCA and his claim might be time-barred unless he complied with its notice requirements. Neither the written correspondence Schoettmer received from Cincinnati Insurance nor the telephone conversations he had with its agent contain any mention of the ITCA or the 180-day time limit.

There is also evidence that Schoettmer relied on the agent's conduct and representations. Schoettmer's affidavit states that on at least two occasions, the agent told him it would be in his best interest to wait until all his medical treatments were complete before settling his claim. The agent's notes from her February 2, 2009, telephone conversation with Schoettmer corroborate the

9

affidavit; she noted she told Schoettmer "it would be in his best interest to wait until he is released from treatment" to settle his claim. Appellants' App. at 78.

Finally, there is evidence that Schoettmer failed to act because of his reliance on the Cincinnati Insurance agent's representations. He worked with the agent; he provided a recorded statement on January 12, 2009 and signed a release providing her access to his medical records and bills on April 22, 2009. Nevertheless, he did not receive a settlement offer until August 20, 2009—nearly three months after the 180-day ITCA time limit had expired. Thus, we are inclined to agree with Judge Crone that "the designated evidence reveals that genuine issues of material fact remain, and the Schoettmers should be allowed to present proof of estoppel to the trial court." Schoettmer, 971 N.E.2d at 127 (Crone, J., dissenting) (citing Delaware Cnty. v. Powell, 272 Ind. 82, 85, 393 N.E.2d 190, 192 (1979)).

## Conclusion

We therefore reverse the trial court's grant of summary judgment in the defendants' favor as to the adequacy of the Schoettmers' tort claim notice and remand this case for further proceedings consistent with our opinion.

Dickson, C.J., Rucker, David, and Rush, JJ., concur.