## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Eric A. Frey
Frey Law Firm
Terre Haute, Indiana

ATTORNEY FOR APPELLEES

Michael E. Walschlager
Selective Staff Counsel of Indiana
Carmel, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

Charles Stierwalt,

*Appellant-Plaintiff,*

v.

Travis Barton and City of Linton, Indiana,

*Appellees-Defendants.*

July 9, 2015

Court of Appeals Case No. 28A01-1412-CT-528

Appeal from the Greene Superior Court

The Honorable Dena A. Martin, Judge

Cause No. 28D01-1405-CT-9

**Bailey, Judge.**

## Statement of the Case

[1] The Indiana Tort Claims Act ("ITCA") provides that a claim against a political subdivision is barred unless a claimant files notice of his intent to bring a tort claim with the governing body of that political subdivision within 180 days after

the claimant's loss occurs. *See* Ind. Code §§ 34-13-3-8(a)(1), -10. Charles Stierwalt filed a complaint against Thomas Barton and the City of Linton ("the City") alleging negligence, and the trial court dismissed that complaint with prejudice because Stierwalt had failed to provide adequate notice to the City under the ITCA. Stierwalt now appeals that dismissal and presents two issues for our review, which we revise and restate as the following issue: whether the trial court erred when it concluded that Stierwalt failed to substantially comply with the notice provisions of the ITCA.

[2] We affirm.

## Facts and Procedural History

[3] At approximately 11:00 a.m. on July 29, 2013, Stierwalt rode as a passenger in a vehicle driven by Skyler Miller on Indiana State Road 54 in Linton. As Miller slowed to turn, a vehicle driven by Travis Barton struck Miller in the rear, injuring Stierwalt. The City owned Barton's vehicle, which the City insured through Selective Insurance Company of America ("Selective"). Officer K. Jacobshagen with the Linton Police Department ("LPD") responded to the collision and prepared a report. Barton told Officer Jacobshagen that he had not seen Miller slowing to turn, and, as such, the report cited the primary cause of the collision as Barton having followed Miller too closely. The report identified Stierwalt only as "Passenger." Appellant's App. at 26.

[4] Three days later, on August 1, 2013, a Selective claims management specialist, Nick Roberts, mailed Stierwalt a letter, which informed him that Selective had

assigned Roberts to work on his claim.  Further, Roberts explained that, "[i]n order for [Stierwalt's] claim to be considered," Selective needed to obtain his medical information, which required Stierwalt to execute certain authorizations.  *Id.* at 19.  Roberts assured that "[t]he signing of this form is NOT a release of your claim.  It simply allows Selective to secure information about the claim."  *Id.*  Stierwalt responded on August 12 with a letter of representation from his lawyer, Eric Frey.  Thereafter, Frey and Roberts communicated regularly regarding Stierwalt's injuries and the status of his treatment.

[5]     On August 21, Frey's paralegal sent a letter to the LPD requesting a copy of the accident report prepared by Officer Jacobshagen ("the August 21 letter").  In total, the letter stated:

> To Whom It May Concern:
>
> I represent Charles Stierwalt for injuries he received in a car wreck on July 29, 2013[,] in Linton, Indiana.  Please accept this letter as our request for the accident report regarding the wreck.  I have enclosed a check for $5.00 for the report fee and a pre-paid envelope for its return.
>
> Thank you for your assistance in this matter.

*Id.* at 23.  LPD processed the August 21 letter on August 22.  Stierwalt, through Frey or otherwise, had no further contact with the LPD.  Stierwalt had no contact with any other City department.

[6]     By February 2014, Stierwalt had completed treatment for the injuries he sustained on July 29, and, on February 11, 2014, Frey mailed a demand letter to Roberts. The demand letter declared that "[l]iability in this case is clear," and it noted that Stierwalt had medical bills in the amount of $4,654, a hospital lien in the amount of $1,378, and an auto insurance lien in the amount of $119. *Id.* at 34. Accordingly, Stierwalt demanded $75,000 to settle his claim.

[7]     Soon thereafter, Roberts responded with a request for a copy of the tort claims notice that Stierwalt was required to send to the City. Stierwalt referred Roberts to the August 21 letter, and Frey

> advised [Roberts] that the written notice to the City advising them of the accident and requesting the police report was adequate under Indiana law as interpreted by the Supreme and Appellate Courts because the[ir] decisions indicate that the [tort claim] notice does not have to be in the statutory form, can be sent to an office or person other than the most appropriate officer[,] and need not contain all [of] the facts surrounding the claim.

*Id.* at 17. Roberts, however, determined that the August 21 letter provided insufficient notice under the ITCA and, thus, he denied Stierwalt's claim.

[8]     Stierwalt then filed a complaint against Barton and the City on May 15, which alleged that Barton, an employee of the City, was negligent when he struck Miller's vehicle in the rear and injured Stierwalt. The City moved to dismiss the complaint with prejudice because Stierwalt failed to comply with the notice provisions of the ITCA. In support of its motion, the City attached an affidavit

from John Wilkes, the City's mayor, which averred that the City never "received a Tort Claims Notice from Mr. Stierwalt regarding the alleged collision." *Id.* at 13. The trial court found that Stierwalt failed to provide adequate notice and to substantially comply with the ITCA, and, therefore, it granted the City's motion on September 24. This appeal ensued.

## Discussion and Decision

[9] Stierwalt contends that the trial court erred when it concluded he failed to substantially comply with the ITCA notice requirements, and, in the alternative, that "the giving of a more detailed tort claims notice" than that purportedly provided in the August 21 letter "would be a useless act which the law does not require." Appellant's Br. at 10. We must disagree.

[10] Initially, though, we note that the City filed its motion to dismiss under Indiana Trial Rule 12(B)(6) but attached Wilkes' affidavit to that pleading. In kind, Stierwalt attached a competing affidavit to his response, and the trial court issued an "Order Granting Motion to Dismiss." However, Trial Rule 12(B) states that, if

> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Trial] Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Because the trial court did not exclude the affidavits attached to the City's motion, the court should have treated the motion as one for summary judgment

under Trial Rule 56. *See* Ind. Trial Rule 12(B). Although the trial court did not do so, Stierwalt nevertheless received an opportunity to respond to the City's affidavit, as required by Trial Rule 56, and he did so with a competing affidavit. Thus, Stierwalt was not prejudiced by the court's treatment of the motion to dismiss as a motion for summary judgment. *See Azhar v. Town of Fishers*, 744 N.E.2d 947, 950 (Ind. Ct. App. 2001). In any event, the parties do not dispute the facts in this case but only whether those facts, as a matter of law, establish substantial compliance with the ITCA. *See Schoettmer v. Wright*, 992 N.E.2d 702, 707 (Ind. 2013). And "[w]here the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo." *Bellows v. Bd. of Comm'rs*, 926 N.E.2d 96, 114 (Ind. Ct. App. 2010) (internal quotation marks omitted).

[11] The ITCA provides that "a claim against a political subdivision is barred unless notice [of the claim] is filed with . . . the governing body of that political subdivision . . . within [180] days after the loss occurs." I.C. § 34-13-3-8.

> The notice . . . must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

I.C. § 34-13-3-10. Where a political subdivision raises the issue of a plaintiff's compliance with the ITCA's notice provisions as an affirmative defense, "the

plaintiff bears the burden of proving compliance." *Waldrip v. Waldrip*, 976 N.E.2d 102, 110 (Ind. Ct. App. 2012).

[12] A plaintiff need not strictly comply with the ITCA notice requirements. *See Schoettmer*, 992 N.E.2d at 707. "[S]ubstantial compliance with the statutory notice requirements is sufficient when the purpose of the notice requirement is satisfied." *Id.* at 707. (quotation marks omitted). "[S]o long as [the ITCA's] essential purpose has been satisfied, it should not function as a trap for the unwary." *Id.* at 706 (quotation marks omitted). "The purposes of the notice statute include informing the officials of the political subdivision with reasonable certainty of the accident and surrounding circumstances so that the political subdivision may investigate, determine its possible liability, and prepare a defense to the claim." *Id.* at 707 (quotation marks omitted).

[13] As stated, substantial compliance with the ITCA is a question of law. *Id.* Nevertheless, "[w]hat information is sufficient [for the notice to comply with the ITCA] will vary depending upon the facts of each case." *Boushehry v. City of Indianapolis*, 931 N.E.2d 892, 895 (Ind. Ct. App. 2010). In determining whether a plaintiff has substantially complied with the ITCA's notice provisions, we focus on "the nature of the notice itself . . . and the extent to which the form, content, and time of the notice complies with the requirements of the notice statute." *Snyder v. Town of Yorktown*, 20 N.E.2d 545, 553 (Ind. Ct. App. 2014), *trans. denied*. "The crucial consideration," as our supreme court recently stated, "is whether the notice supplied by the claimant of his intent to take legal action contains sufficient information for the city to ascertain the full nature of the

claim against it so that it can determine its liability and prepare a defense." *Schoettmer*, 992 N.E.2d at 707. "Stated another way, substantial compliance permits an action to proceed when the claimant has attempted to provide notice, has fallen short of the strictures of the statute, and, yet, has supplied the appropriate governmental entity with sufficient information to investigate the claim." *Snyder*, 20 N.E.3d at 553. Accordingly, "we cannot find substantial compliance when the claimant took no steps whatsoever to comply with the notice statute." *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007) (cited with approval by our supreme court in *Schoettmer*, 992 N.E.2d at 708), *trans. denied*.

[14] Thus, even if the political subdivision actually knew of the facts underlying the claimant's claim, we cannot find substantial compliance with the ITCA if the claimant did not make an attempt to comply with the ITCA's notice provisions. "[M]ere actual knowledge of an occurrence, even when coupled with routine investigation, does not constitute substantial compliance." *Id.* (emphasis supplied; internal citations and quotation marks omitted). Thus, we have held that a claimant failed to substantially comply with the ITCA when the claimant failed to provide notice, even though the political subdivision "knew of the accident from day one, investigated the accident, . . . clearly was at fault for the accident," had its insurance company "initiate[] the first contact with [the claimant] on behalf of [the subdivision]," settled a portion of the claimant's case, "and expressed interest in settling the [remaining] portion." *Brown*, 876 N.E.2d at 383.

Our supreme court has agreed with this holding. *See Schoettmer*, 992 N.E.2d at 707. In doing so, the court stated:

> On balance, we agree with the *Brown* panel and decline to find substantial compliance where, as here, the claimant communicated only with the insurer and "took no steps whatsoever to comply with the notice statute." We recognize that it may be desirable to encourage potential claimants to work with insurers to settle claims rather than proceed directly to litigation, and we acknowledge that our conclusion [that communication with an insurer, without more,] may tend to encourage the opposite. We are confident, however, that such policy considerations will be addressed in the proper forum: the General Assembly.

*Id.* Thus, "[c]ommunication only with [an] insurer," without any steps taken by the claimant "to comply with the notice statute," cannot establish substantial compliance with the ITCA's notice provisions. *Id.* With these principles in mind, we turn now to Stierwalt's claims.

Stierwalt first asserts that the August 21 letter, in light of the City's actual knowledge of the July 29 accident, substantially complied with the ITCA's notice provisions. Specifically, he argues:

> [T]he City of Linton was aware of the claim within three days after it occurred and requested medical information, medical reports[,] and medical bills from [Stierwalt] on August 1, 2013. In addition, the City had assigned a police officer to investigate the matter[,] and he had concluded that the City and Travis Barton were responsible for the collision due to following too closely. Thereafter, the City of Linton was notified of the accident and claim in writing when[,] on August 21, 2013, just 24

days after the accident occurred, the Frey Law Firm notified the City that Frey represented [Stierwalt] for the injuries he received in the accident on July 29, 2013[,] and requested a copy of the police report.

Appellant's Br. at 6.

[17] But Stierwalt ignores that mere actual knowledge of an occurrence, even when coupled with routine investigation, does not constitute substantial compliance. *Schoettmer*, 992 N.E.2d at 708. Even assuming that the City had actual knowledge of the July 29 accident within three days of the accident, that knowledge was not due to any act by Stierwalt but was independently acquired. Moreover, the routine accident investigation that Officer Jacobshagen conducted at the scene of the collision is not enough to establish substantial compliance with the ITCA, "even when coupled with" actual knowledge of the collision. *Id.* This is especially so in consideration of the fact that the accident report did not provide Stierwalt's name but identified him only as "Passenger." Appellant's App. at 26.

[18] Stierwalt also reads too much into the August 21 letter. Again, in its entirety, that letter stated:

> To Whom It May Concern:
>
> I represent Charles Stierwalt for injuries he received in a car wreck on July 29, 2013[,] in Linton, Indiana. Please accept this letter as our request for the accident report regarding the wreck. I have enclosed a check for $5.00 for the report fee and a pre-paid envelope for its return.

Thank you for your assistance in this matter.

Appellant's App. at 23.

[19] From the text of the August 21 letter, "[i]t appears . . . that [Stierwalt] did not consider the ITCA, and particularly its requirements governing notice." *Chang v. Purdue Univ.*, 985 N.E.2d 35, 52 (Ind. Ct. App. 2013), *trans. denied*. "In fact, we can find no indication that [Stierwalt] even contemplated the ITCA's notice requirement until Appellees challenged some of [his] claims for relief on that basis." *Id.* Thus, we believe that the August 21 letter "was not intended as an attempt at providing tort claim notice." *Snyder*, 20 N.E.3d at 553. Instead, "[Stierwalt's] attorney was seeking information from the [City] rather than seeking to give notice to the [City], as the letter provided no statement indicating proposed legal action." *Id.*

[20] Tellingly, the August 21 letter failed, in its entirety, to include those items required by Indiana Code Section 34-13-3-10. Other than a general, cursory statement that an accident had occurred, the letter did not describe: (1) the facts on which the claim is based; (2) the circumstances which brought about the loss; (3) the extent of the loss; (4) the time and place the loss occurred; (5) the names of all persons involved; (6) the amount of the damages sought; and (7) Stierwalt's residence. *See* I.C. § 34-13-3-10. Indeed, the letter did not even state that an employee of the City was a party to the accident.

[21] Stierwalt appears to recognize these shortcomings but argues that requiring more of him would be a useless act because, aside from his medical records, the City and the insurance company already had all of the pertinent information related to his injuries. Thus, he reasons, "[a] formal strictly detailed tort claim would not have provided the City or Selective with any information they did not already have." Reply Br. at 8. But Stierwalt is mistaken. At the least, a more detailed tort claim notice would have informed the City that Stierwalt was anticipating litigation over his injuries. And, as our courts have repeatedly held, anything less than this is insufficient to establish substantial compliance with the ITCA. "[T]his is not a case where a claimant sought to comply with the ITCA's notice requirement provisions, but fell short. The present case involves more than a mere technical shortcoming." *Chang*, 985 N.E.2d at 54. In contrast, it appears that Stierwalt entirely disregarded the ITCA's notice provisions until challenged by the City. Therefore, Stierwalt failed to meet his burden to prove his compliance with the ITCA's notice provisions, and we affirm the trial court's judgment in all respects.

[22] Affirmed.

Riley, J., and Barnes, J., concur.