# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 08 2017, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. Quirk
Muncie, Indiana

ATTORNEY FOR APPELLEE

Anthony B. Ratliff
Doninger Tuohy & Bailey, LLP
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Autumn Lewis and Stephen Lewis, *Appellants-Plaintiffs,* | November 8, 2017 |
| | Court of Appeals Case No. 18A04-1704-CT-702 |
| v. | Appeal from the Delaware Circuit Court |
| Board of Trustees of the Flavius J. Witham Memorial Hospital d/b/a Willowbend Living Center, *Appellee-Defendant.* | The Honorable Marianne L. Vorhees, Judge |
| | Trial Court Cause No. 18C01-1502-CT-9 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellants-Plaintiffs, Autumn Lewis (Autumn) and Stephen Lewis (Collectively, Lewis), appeal the trial court's summary judgment in favor of Defendant-Appellee, Board of Trustees of the Flavius J. Witham Memorial Hospital d/b/a Willowbend Living Center (Witham), on Lewis' Complaint for damages.

We affirm.

# ISSUES

Lewis presents us with two issues on appeal, which we restate as follows:

(1) Whether Witham's motion for summary judgment was timely filed; and

(2) Whether the trial court properly granted summary judgment to Witham because Lewis failed to give a tort claim notice pursuant to the Indiana Torts Claim Act (ITCA).

# FACTS AND PROCEDURAL HISTORY

On February 1, 2013, Autumn slipped and fell on an icy parking lot owned and controlled by Witham. On February 2, 2015, Lewis filed a Complaint for damages, alleging Autumn had suffered injuries from her slip and fall. On March 6, 2015, Witham filed its Answer to the Complaint, in which it raised an affirmative defense, claiming "Plaintiffs failed to timely provide a tort claim notice to Witham as required by law; such notice presents a condition

precedent to filing and prosecuting this action." (Appellant's App. Vol. II, p. 12).

On May 1, 2015, the trial court set a trial date of March 29, 2016, and issued pre-trial deadlines with a dispositive motion deadline on or before December 1, 2015. On February 22, 2016, the trial court vacated the pre-trial and trial dates. The trial court did not set a new trial date, neither did the trial court issue new pre-trial deadlines. On September 29, 2016, Witham filed its motion for summary judgment, a memorandum in support of the motion, and designation of evidence relied upon. Lewis did not file a response nor designate any evidence. Following a hearing on October 3, 2016, the trial court granted summary judgment to Witham, concluding, in pertinent part:

1. As to timeliness: The [c]ourt had previously set a dispositive motions deadline as December 1, 2015, based on a March 29, 2016, trial date. The parties later vacated the trial date. The [c]ourt did not establish a new dispositive motion deadline. The case at this time is not set for jury trial. Therefore, no prejudice resulted from the Motion's timing. [Lewis] will not "lose" their trial date due to the filing. The Motion should be addressed on its merits.

2. As to notice: [Witham] stated in its Answer, filed on March 6, 2016, in Affirmative Defense No.4, that [Lewis] has failed to comply with the Tort Claims Act's Notice requirements. Therefore, [Lewis] have had ample notice that [Witham] would claim this defense.

3. As to the Motion: [Witham] presented evidence to show it was established as a county hospital; it has operated as a

county hospital; and it operated the facility at question in this case, Willowbend Living Center. [Witham] has demonstrated as a matter of law that it is subject to the Tort Claims Act, and [Lewis] who want to sue Willowbend must give notice pursuant to the Indiana Tort Claims Act.

4. As a matter of law, unless [Lewis] present evidence to create a fact issue or present law to establish [Witham] is wrong, the [c]ourt must grant the summary judgment motion.

5. In *Schoettmer v. Wright*, 992 N.E.2d 702 (Ind. 2013). The Indiana Supreme Court held the plaintiff had created an issue of fact concerning estoppel, i.e., whether the defendant's insurance agent had made representations and had acted in such a way that defendant was estopped from asserting lack of a Tort Claim Act Notice. The difference between this case and *Schoettmer* is that in *Schoettmer*, plaintiffs presented evidence by an affidavit and otherwise indicating what conduct had occurred, constituting estoppel. Here we have no designated evidence at all to establish a basis for estoppel or any other defense to the failure to give notice.

(Appellant's App. Vol. VII, pp. 6-7). On February 6, 2017, Lewis filed a motion to reconsider/motion to correct error, which was denied by the trial court.

[6] Lewis now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Timely Motion for Summary Judgment*

[7] Lewis first contends that Witham's motion for summary judgment was filed after the deadline for dispositive motions, as set by the trial court, had expired. Accordingly, Lewis maintains that the trial court should not have considered Witham's motion.

[8] By mutual consent of the parties and based on a trial date of March 29, 2016, the trial court's pretrial conference order established the dispositive motions deadline "on or before December 1, 2015." (Appellant's App. Vol. II, p. 18). The parties later vacated the trial date and the trial court failed to set a new dispositive motion deadline. Witham filed its motion for summary judgment on September 29, 2016. Accordingly, mindful that the trial court had vacated the trial date and not established new deadlines, and that Indiana Trial Rule 56(B) provides that Witham "may, *at any time*, move . . . for a summary judgment" in its favor, we conclude that the trial court properly addressed Witham's motion on its merits.

## II. *Motion for Summary Judgment*

[9] Next, Lewis contends that the trial court erred by entering summary judgment in favor of Witham because Lewis had failed to comply with ITCA's notice requirements. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). "A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth . . . , or if the

undisputed facts support conflicting reasonable inferences." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009).

[10] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id*. When the defendant is the moving party, the defendant must show that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense that bars the plaintiff's claim. *Id*. Accordingly, the grant of summary judgment must be reversed if the record discloses an incorrect application of the law to the facts. *Id*.

[11] We observe that, in the present case, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id*.

[12]     The ITCA, in Ind. Code § 34-13-3-8, provides that

> a claim against a political subdivision is barred unless notice is filed with:
>
> > (1) the governing body of that political subdivision; . . . .
>
> within one hundred eighty (180) days after the loss occurs.

A political subdivision for purposes of ITCA is defined as a "city or county hospital." I.C. § 34-6-2-110(8). In the Complaint, Lewis alleged that the injuries resulted from a slip and fall on a parking lot owned and controlled by Witham on February 1, 2013. Approximately two years later, on February 2, 2015, Lewis filed its Complaint against Witham. In its Answer to Lewis' Complaint, Witham raised the affirmative defense that it had not received a tort claim notice, thereby alerting Lewis that it was subject to the provisions of the ITCA. Accordingly, as Lewis filed its Complaint well outside the required one hundred eighty days after the occurrence of the injury, the trial court properly granted summary judgment to Witham.

[13]     *Assuming arguendo* that Lewis timely filed its Complaint within the one hundred eighty day period, we still would affirm the trial court's summary judgment. Referencing *Schoettmer v. Wright*, 992 N.E.2d 702 (Ind. 2013), Lewis claims that they did not know that Witham was subject to the ITCA's notice requirements because "no mention of the facility being owned by a governmental entity was found." (Appellant's Br. p. 10). In *Schoettmer*, the plaintiffs similarly argued that "equitable estoppel should apply to bar South Central from raising its

ITCA notice defense because the Schoettmers were unaware South Central was a government entity covered by the ITCA. *Id*. at 709. Our supreme court held that "[t]he party claiming equitable estoppel must show its (1) lack of knowledge and of the means of knowledge as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his position prejudicially." *Id*. Based on conversations with South Central's insurance carrier prior to the filing of the complaint and Schoettmer's reliance on these representations and conduct based thereon, the court found that a genuine issue of material fact remained as to whether equitable estoppel applied. *Id*.

[14] Here, Witham designated its Answer, with its affirmative defense, as evidence that an ITCA notice is a precondition to the filing of a lawsuit, as well as the Public Order establishing Witham as a county hospital, the Secretary of State's filing reflecting Witham's assumed business name, and an affidavit of the Chief Executive Officer of Witham affirming its operation as a county hospital. Lewis did not designate any evidence in response. In other words, the record lacks evidence establishing that Lewis relied upon Witham's conduct or representations that could have been interpreted by Lewis that no ITCA notice was required, let alone any evidence of Lewis' action in reliance thereon. In fact, there is no designated evidence indicating that Witham, or any of its representatives, was even contacted before the filing of the Complaint. Accordingly, there is no genuine issue of material fact and the trial court properly entered summary judgment for Witham.

# CONCLUSION

Based on the foregoing, we conclude that Witham timely filed its motion for summary judgment; and the trial court properly granted summary judgment to Witham because Lewis failed to give a tort claim notice pursuant to the Indiana Tort Claim Act.

Robb, J. and Pyle, J. concur