

FILED

Oct 23 2019, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kenneth A. Ewing
Carmel, Indiana

ATTORNEY FOR APPELLEE

Robert L. Barlow, II
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Madison Consolidated Schools, <br> *Appellant-Defendant,* <br><br> v. <br><br> Trisha Thurston, <br> *Appellee-Plaintiff.* | October 23, 2019 <br><br> Court of Appeals Case No. <br> 19A-CT-797 <br><br> Appeal from the Floyd Circuit Court <br><br> The Honorable John Terrence Cody, Judge <br><br> Trial Court Cause No. <br> 22C01-1804-CT-527 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Madison Consolidated Schools (Madison), appeals the trial court's denial of its motion for summary judgment in favor of Appellee-Plaintiff, Trisha D. Thurston (Thurston), concluding that Madison is estopped from asserting that Thurston failed to comply with the notice requirements of the Indiana Tort Claims Act (ITCA).

We affirm.

# ISSUE

Madison presents two issues for our review, which we consolidate and restate as the following single issue: Whether genuine issues of material fact exist with respect to Thurston's estoppel argument which preclude the grant of summary judgment to Madison.

# FACTS AND PROCEDURAL HISTORY

On September 5, 2014, sixteen-year-old Thurston was a passenger in a school bus operated by Madison when the school bus struck a guardrail and collided with another vehicle on Interstate 64 in Floyd County, Indiana. As a result of the collision, Thurston suffered severe physical injuries and incurred physical and mental pain.

Subsequent to the accident, Jacqueline Thurston (Jacqueline), Thurston's mother, was contacted by Madison's insurer, Liberty Mutual Insurance Company (Liberty Mutual). In the months following this initial contact,

Jacqueline had multiple communications with representatives of Liberty Mutual. Liberty Mutual's representatives recommended "waiting until [Thurston's] treatment had been completed before discussing a settlement of her claim." (Appellant's App. Vol. II, p. 28). They instructed Jacqueline "repeatedly that her claim needed to be resolved by April 17, 2018 [but] at no time did any of [Liberty Mutual's] representatives advise [her] that a Tort Claim Notice needed to be filed [] by October 14, 2016." (Appellant's App. Vol. II, p. 28). Instead, Jacqueline was told that Thurston's claim had "to be settled or put into litigation by 4-17-2018 or she will be barred from recovery. Since she was a minor at the time of the bus accident, she ha[d] 2 years plus her 18th birthday to resolve her claim." (Appellant's App. Vol. II, p. 28). By email dated April 11, 2018, a representative of Liberty Mutual advised Jacqueline

> We are not going to have all the medical in by the statute. We've received quite a bit but not everything. [Thurston] is getting ready to have her 20th birthday. You are going to need to retain counsel to [protect] the statute of limitations. Obviously this doesn't mean we are not willing to get in the remaining medical and still attempt to resolve this short of further litigation but you have to protect the statute. Please reach out to counsel to discuss and provide them my information.

(Appellant's App. Vol. II, pp. 28-29).

[6] On April 16, 2018, Thurston filed her Complaint against Madison, seeking damages for the injuries suffered as a result of the motor vehicle accident. On July 31, 2018, Madison filed its motion for summary judgment, contending that Thurston had not provided pre-suit notice of her claim pursuant to ITCA and

therefore she was barred from pursuing her suit. On August 28, 2018, Thurston filed her response to Madison's motion, alleging that Liberty Mutual, as Madison's insurer, had led her to believe that formal notice would not be necessary and therefore Madison should be estopped from asserting non-compliance as a defense.

[7] On January 14, 2019, after hearing oral argument from counsel, the trial court denied Madison's motion for summary judgment, concluding that "genuine issues of material fact exist with respect to the estoppel issue that precludes the granting of summary judgment in favor of [Madison]." (Appellant's App. Vol. II, p. 11). On February 8, 2019, Madison filed a motion to certify the trial court's Order for interlocutory appeal, which was granted by the trial court and accepted by this court on March 26, 2019.

[8] Madison now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[9] Madison contends that the trial court erred by concluding that a genuine issue of material fact existed as to whether Madison should be estopped from asserting Thurston's non-compliance with the notice requirements of the ITCA as a defense.

[10] In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind. Ct. App. 2008), *trans. denied*. Thus, on appeal, we

must determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id*. at 607-08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id*. at 608. A fact is 'material' for summary judgment purposes if it helps to prove or disprove an essential element of the plaintiff's cause of action; a factual issue is 'genuine' if the trier of fact is required to resolve an opposing party's different version of the underlying facts. *Ind. Farmers Mut. Ins. Group v. Blaskie*, 727 N.E.2d 13, 15 (Ind. 2000). The party appealing the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *First Farmers Bank & Trust Co.*, 891 N.E.2d at 607.

[11] We observe that, in the present case, the trial court did not enter findings of fact and conclusions of law thereon in support of its judgment. Generally, special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer a court valuable insight into the trial court's rationale and facilitate appellate review. *Id.*

[12] The ITCA provides that a claim against a political subdivision is barred unless a claimant files notice of his intent to bring a tort claim with the governing body of the political subdivision within 180 days after the claimant's loss occurs. *See* I.C. §§ 34-13-3-8(a)(1), -10. However, strict compliance with the ITCA notice requirements is not mandatory. *Schoettmer v. Wright*, 992 N.E.2d 702, 707 (Ind. 2013). Indeed, "substantial compliance with the statutory notice requirements is sufficient when the purpose of the notice requirement is satisfied." *Id*. "[S]o

long as [the ITCA's] essential purpose has been satisfied, it should not function as a trap for the unwary." *Id*. at 706. "The purpose of the notice statute includes informing the officials of the political subdivision with reasonable certainty of the accident and surrounding circumstances so that the political subdivision may investigate, determine its possible liability, and prepare a defense to the claim." *Id*. at 707.

[13] The parties agree that no notice of intent was filed, nor does Thurston raise an allegation of substantial compliance. Instead, Thurston relies on the estoppel doctrine to bar Madison's defense. In the ITCA-notice context, the doctrine of estoppel "focuses on representations made by the defendant or its agents to the plaintiff, which induce the plaintiff to reasonably believe that formal notice is unnecessary." *Allen v. Lake Cnty. Jail*, 496 N.E.2d 412, 415 n.3 (Ind. Ct. App. 1986), *reh'g denied*. Our supreme court recently explained that a plaintiff claiming estoppel in response to an ITCA-notice defense "must show its (1) lack of knowledge and of the means of knowledge as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change [its] position prejudicially." *Schoettmer*, 992 N.E.2d at 709. The doctrine of estoppel derives from one core "underlying principle:" the equitable intuition that "one who by deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other." *Town of New Chicago v. City of Lake Station ex. rel. Lake Station Sanitary Dist.*, 939 N.E.2d 638, 653 (Ind. Ct. App. 2010) (citing *Brown v. Branch*, 758

N.E.2d 48, 51 (Ind. 2001)). Because the Indiana courts have long recognized a general rule against applying equitable estoppel to government entities, the State "will not be estopped in the absence of clear evidence that its agents made representations upon which the party asserting estoppel relied." *Story Bed & Breakfast, LLP v. Brown Cnty. Area Plan Comm'n*, 819 N.E.2d 55, 67 (Ind. 2004). The party asserting estoppel bears the burden of providing such clear evidence. *Schoettmer*, 992 N.E.2d at 709.

[14] In *Schoettmer*, Schoettmer was injured in an auto accident by Wright, who was an employee of the South Central Community Action Program (South Central), a governmental entity subject to ITCA. *Id*. at 704-05. Schoettmer was aware from the earliest stages of the litigation that Wright worked for South Central, but was initially unaware that South Central was an entity subject to the ITCA. *Id*. at 705. Some ten months after the accident, and after preliminary settlement discussions had broken down, Schoettmer retained counsel for the first time and subsequently sued Wright and South Central. *Id*. Upon review, our supreme court found the three prerequisites of equitable estoppel satisfied: (1) neither the insurance agency nor the agency gave Schoettmer "any reason to believe" that South Central was covered by the ITCA; (2) South Central's agent made affirmative representations to Schoettmer that "it would be in his best interest to wait until he is released from treatment—*i.e.*, more than 180 days—before he should try to settle the claim;" and (3) Schoettmer acted in reliance on those representations, in that he waited until five months after the accident to sign a release of his medical records, and South Central did not respond with a

settlement offer until the ITCA notice period had already run. *Id*. at 709. For these reasons, the *Schoettmer* court found that Schoettmer "should be allowed to present proof of estoppel to the trial court." *Id*. at 709-10.

[15] Likewise here, we find that there is a genuine issue of material fact as to whether Madison should be estopped from asserting Thurston's non-compliance as a defense to the ITCA-required notice of tort claim. Thurston designated evidence that subsequent to the accident, Liberty Mutual, as insurance agent to Madison, recommended Thurston's mother to wait until medical treatment was completed prior to seeking a settlement. Representatives of Liberty Mutual advised that the claim needed to be resolved by April 17, 2018, but at no time did they inform Thurston of the ITCA requirements. There is designated evidence that Thurston and her mother acted in reliance on this advice. In the months following the initial communications, instead of filing a tort notice or law suit, Thurston and Liberty Mutual assembled the medical documentation regarding the claim. It was not until April 11, 2018, that Liberty Mutual advised Thurston to retain counsel to "[protect] the statute of limitations." (Appellant's App. Vol. II, p. 29). Relying on this information, Thurston retained counsel. Due to the continued communications between the parties and Liberty Mutual's expressed willingness to reach a settlement, it was reasonable for Thurston and her mother to rely on those representations that nothing else was necessary to preserve the claim except to reach a resolution by April 17, 2018. As this designated evidence could reasonably support a finding

of estoppel, or at least reveal genuine issues of material fact, summary judgment is inappropriate.

[16] Madison's challenge to Thurston's estoppel claim is without merit. Madison is correct that the four emails Thurston designated as evidence are dated after the deadline for the tort notice passed and, "had the adjusters [] informed [Thurston] of the deadline [] in those communications, it would have been impossible for [Thurston] to have complied with the deadline[.]" (Appellant's Br. p. 11). Therefore, Madison maintains that "[t]he information not provided to [Thurston] did not cause her miss the deadline." (Appellant's Br. p. 11). However, Jacqueline's designated affidavit clearly affirms—and is not contradicted by Madison—that she had "multiple contacts with representatives from Liberty Mutual" in the months subsequent to the accident and well in advance of the expiration of ITCA's tort claim deadline advising her to wait until medical treatment was complete prior to commencing settlement negotiations. (Appellant's App. Vol. II, pp. 27-28). *See Hughley v. State* 15 N.E.3d 1000, 1003 (Ind. 2014) (self-serving affidavit may preclude summary judgment when it establishes that material facts are in dispute.) The evidence clearly reflects that Thurston and her mother attempted to work with Liberty Mutual and relied on their instructions and assurances, rather than filing a notice of tort claim.

## CONCLUSION

[17] Based on the foregoing, we conclude that the trial court properly denied Madison's motion for summary judgment as there are genuine issues of

material fact as to whether Madison should be estopped from asserting Thurston's non-compliance with the notice requirements of the ITCA.

[18] Affirmed.

[19] Vaidik, C. J. and Bradford, J. concur